[Crim. No. 801. First Appellate District.—August 28, 1918.]

THE PEOPLE, Respondent, v. LOUIS GERMINO, Appellant.

CRIMINAL LAW — RAPE—SEVERAL ACTS — ELECTION BY PROSECUTION— PROOF — IMMATERIAL VARIANCE.—Where during the trial of a charge of rape the prosecutrix was permitted, without objection, to testify to five or six acts other than the one upon which the prosecuting officer elected to rely, which was charged as having occurred on the 9th of April, and the prosecutrix in detailing the circumstances of that act referred to it as having occurred on April 11th, but later on cross-examination it was made to appear that no act of intercourse took place on that day, and that her testimony in fact related to April 9th, the rights of the defendant were not materially affected.

ID.—INSTRUCTIONS—LIMITING SCOPE OF TESTIMONY.—A defendant, in such case, who desired the court to instruct the jury, limiting the scope of the testimony respecting acts other than the one forming the basis of the charge, should have submitted to the court a specific

written instruction, so that it might be given with the other instructions of the court, and, in the absence of such submission, the defendant was not prejudicially affected by the failure of the court to instruct the jury upon that particular point.

ID.—TIME TO REQUEST INSTRUCTION.—It is not sufficient, during the trial of a case, and at a time when the court is ruling upon the admissibility of evidence, to request in a general way that the court instruct the jury upon any particular phase of the law.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Harry M. McKee and Vincent Surr, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—This is an appeal by defendant from a judgment of conviction of statutory rape, and from an order denying his motion for a new trial.

During the trial the prosecutrix, without objection, was permitted to testify as to the occurrence of five or six other instances of sexual intercourse between her and the defendant than the one upon which the charge was founded; and the defendant's principal contention upon this appeal is that his rights were substantially prejudiced by reason of the court's refusal to compel the prosecuting officer to elect upon which of the several acts he would rely. The simple answer to this contention is that such officer did make the election required, selecting for that purpose an act occurring on the ninth day of April, 1917.

Granting that the state having charged the act of that date as the one upon which it would rely for a conviction, it must prove that act, we think the evidence sustains the conviction, and that it sufficiently proves the charge as of that date. It is true that almost throughout her testimony the prosecutrix, when detailing the circumstances of this act, referred to it as occurring on the 11th of April; but later and on cross-examination it was made to appear that no act of intercourse between her and the defendant occurred on that date, and that her testimony in fact related to April 9th.

Appellant complains that the court gave no instruction limiting the scope of the testimony as to acts other than the one forming the basis of the charge; but the defendant did not offer one of this character; and, of course, if he desired that the court instruct the jury upon that particular point, it was his right and duty to propose such an instruction. It is not sufficient during the trial of a case, and at a time when the court is ruling upon the admissibility of evidence, to request in a general way that the court then instruct the jury upon any particular phase of the law. If he desired that the jury be instructed upon the point in question, he should have submitted to the court a specific written instruction embodying it, so that it might be given with the other instructions of the court.

For the reasons given the rights of the defendant were not prejudicially affected by the matters complained of; and the judgment and order are affirmed.