(No. 5437.   December 28, 1929.)

STATE, Respondent, v. IRA ROGERS, Appellant.

[283 Pac. 44.]

Myrvin Davis, for Appellant.

W. D. Gillis, Attorney General, and Fred J. Babcock, Assistant Attorney General, for Respondent.

T. BAILEY LEE, J.—Defendant was accused of the crime of statutory rape perpetrated upon the body of the prosecutrix. Conviction was had and defendant has appealed from the judgment thereof.

He primarily charges that the trial court erred in refusing to give the following requested instruction:

"You are instructed that in this case there being but one charge and no evidence given of any other act than that charged to have occurred on December 22, 1928, and the state having chosen to rely upon that date, and having confined their proof to that date, that you must find the

defendant guilty as of that date only, if you decide that he is guilty at all" and giving in lieu thereof Instruction No. 14, to wit: "You are instructed Gentlemen of the Jury, that under the law the precise time at which an offense of this kind was committed is immaterial so long as it is committed within a reasonable time as stated in the information; time is not a material part of this sort of a crime unless the statute of limitations would enter therein; I will instruct you that a period of at least three weeks or a month would be a reasonable time in conformity with the facts of this case."

The information charged the crime to have been committed on or about December 22, 1928. To that exact date, prosecutrix positively testified. The evidence introduced by the defense disclosed a possibility of the crime having been committed at some other date, but prior to the filing of the information. That the requested instruction was wrong, and the court's instruction right, admits of no controversy. Time is not of the essence of rape; and, notwithstanding the date alleged in the information, any proof that the actual crime charged was committed within three years prior to the filing of the information was admissible. Particularly in point is *Taylor v. State,* 14 Okl. Cr. 400, 171 Pac. 739. The like rule is announced in *People v. Horn,* 25 Cal. App. 583, 144 Pac. 641; *State v. Hardin,* 63 Or. 305, 127 Pac. 789; *People v. Gemino,* 38 Cal. App. 100, 175 Pac. 489; *People v. Reynolds,* 48 Cal. App. 688, 192 Pac. 343. As the attorney general succinctly observes: "It would be a very weak rule of law that would permit a man to ravish a fifteen year old girl, afflict her with a venereal disease, and then say in effect: 'You cannot convict me of this crime, as you did not guess the right date.'"

As has been indicated, it appeared that subsequent to the commission of the alleged rape, the prosecutrix was found to be suffering from venereal infection. The testifying physician had examined her on February 7th, following. His testimony was to the effect that such condition might have had its inception on or about December 22d

preceding. Sheriff Traue had testified that the defendant, some time after his arrest, in a conversation between them as to defendant's physical condition, had claimed to be suffering from gonorrhea, and stated he had acquired medicine therefor about the middle of December. The sheriff had found a syringe and some medicine in defendant's possession. To combat the inference that defendant had infected prosecutrix, defendant made the following offer of proof:

"That on or about the 16th day of February, 1929, the prosecuting witness herein came to the house of witness Bruce Kent while he, the said witness, and his wife, Ellen Kent, were present, and there admitted and stated that she had been on a party the night before at a certain hotel in the City of Sandpoint, Bonner County, Idaho; that she had stayed at the said hotel in a room with a certain male person of potent age during the night and until morning and had breakfast with him."

Upon the court's ruling sustaining the objection to such offer, defendant predicates error. There was no error. Prosecutrix had not testified to the occurrence either in direct or cross examination; and the evidence was unavailable for any purpose of impeachment. The prosecutrix was not on trial; and such an oral statement of hers, even had it been made, would have been the veriest hearsay. (*State v. Haynes,* 116 Or. 635, 242 Pac. 603, a case directly analogous; *State v. Clarke,* 48 Nev. 134, 228 Pac. 582.) Even had the offer been accepted, it would have fallen far short of establishing gonorrhea in the prosecutrix's reputed bedmate, without which fact, the evidence offered would have been utterly worthless. Judgment affirmed.

Budge, C. J., and Givens, Wm. E. Lee and Varian, JJ., concur.