Joe ESQUIBEL, Appellant
(Defendant below),

v.

STATE of Wyoming, Appellee
(Plaintiff below).

No. 3252.

Supreme Court of Wyoming.
March 4, 1965.

Frank L. Bowron, Casper, for appellant.

John F. Raper, Atty. Gen., Dean W. Borthwick, Deputy Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER and GRAY, JJ.

Mr. Justice GRAY delivered the opinion of the court.

Defendant Joe Esquibel was convicted of the statutory crime of having carnal knowledge of a female child under the age of 18 years and appeals from the judgment and sentence entered by the trial court.

. During the trial several acts of intercourse were testified to by the prosecutrix, and the principal claim of error advanced by the defendant relates to the claimed failure of the trial court to require the State clearly and specifically to elect the act of intercourse charged under the information and upon which the State was relying for conviction. In considering the contentions of the defendant we first refer to the record.

The information filed by the State charged the crime as being an act of intercourse between the prosecutrix and the defendant performed on the 15th day of February, 1963. At the trial and before the taking of testimony the State moved to amend the information by charging that the offense was committed "on or about February 15, 1963." The motion was granted over the objection of defendant.

The prosecutrix, called as the first witness for the State, testified that she began dating the defendant on December 22, 1962. She then said that on the evening of February 14, 1963, she had sexual intercourse with defendant in his automobile on a hill south of Rawlins generally known as "Rawlins Hill." The State then inquired if there had been sexual relations between the witness and the defendant prior to that date. Before the prosecutrix could answer, the de-

fendant moved that the State be required to elect as to the date upon which the crime charged was committed. In ruling upon the motion the trial judge informed the jury that the State was required to make an election of the date upon which it would proceed and informed the jury that "The date elected by the State is on or about the 15th day of February, 1963." The jury was also informed that the court would permit testimony of previous acts as "demonstrating a pattern of conduct." Thereupon the prosecutrix testified without specificity as to time and place of at least two prior acts of sexual intercourse with the defendant. Then, with respect to the question of time, the prosecutrix on cross-examination further testified that she did not go out with defendant on the night of February 15, 1963, and in fact had no sexual relations with the defendant between the act of February 14, 1963, and a subsequent act performed on February 17, 1963. In corroboration of the prosecutrix that she was with defendant in his automobile on February 14, 1963, the State called the sister of prosecutrix who testified that she saw the two together in defendant's automobile on that evening and clearly remembered the date for the reason that it was on Valentine's Day.

After the State rested, the defendant was called to the stand and denied that he had ever had sexual relations with the prosecutrix and by way of an alibi testified that between the hours of 7:30 and 11:30 p. m. on February 14, 1963, he was at his home attending a birthday party for his sister. In addition to the testimony of defendant as to his whereabouts on the night of February 14, 1963, some seven witnesses testified that they were in attendance at such birthday party and that defendant was there throughout the evening.

After the defendant rested, the State recalled the prosecutrix to the stand and she then testified that the act of intercourse to which she first testified and identified as taking place on February 14, 1963, actually occurred on Friday of that week, which fell on February 15, 1963. On cross-examina-

tion she went even further. She then said that she was with the defendant on both nights of February 14, 1963, and February 15, 1963, and had sexual relations with him both times. Thereupon defendant's counsel moved that all of the testimony of the prosecutrix regarding the occurrence on February 15, 1963, be stricken and "the jury instructed to disregard it on the ground that the State elected to rest its case upon an act that took place on February 14, 1963." The motion was overruled apparently on the ground that the State "did not elect the 14th but elected on or about the 14th [sic 15th] day and that the Court is of the opinion there is no variance therein."

Subsequently, the defendant, in keeping with the position taken throughout the trial, offered Instruction No. A, which in the portion pertinent here would have advised the jury that it could not reach a verdict of guilt unless it found that the defendant committed the specific offense on February 14, 1963. The instruction was refused and in lieu thereof the court by Instruction No. 10 advised the jury that "The State has elected to prosecute this defendant for an act committed on or about the 15th day of February, 1963, in Carbon County, Wyoming."

 Based upon the foregoing circumstances we are convinced that the defendant was deprived of a fair trial. In the first instance we hold that the trial court in ruling upon defendant's motion to require the State to elect the offense upon which the State relied for conviction erred in informing the jury that even though the State was required under the law to make such an election, a ruling with which we agree, that nevertheless the State's election of a date "on or about" February 15, 1963, was sufficient. It is true, of course, that the State had some latitude in charging and proving the offense for which defendant was being prosecuted. State v. Koch, 64 Wyo. 175, 189 P.2d 162, 166–167. Nonetheless, such liberality is not without limitation. The rule is not to be applied indiscriminately but must be tempered with the circumstances of each case. State v. Slane, 48

Wyo. 1, 41 P.2d 269, 271. Our disagreement with the ruling on the motion to elect is that the trial court apparently overlooked the evidence and circumstances that impelled a ruling to the contrary.

■ At the time the motion was made the State had produced evidence of only one act of sexual intercourse between the prosecutrix and the defendant and was proposing to go into similar prior acts. The act to which the prosecutrix had already testified very clearly and very definitely fixed it as occurring on the evening of February 14, 1963, in defendant's automobile while parked on "Rawlins Hill." In State v. Koch, at 189 P.2d 167, where no election was requested and the State made none, we definitely subscribed to a rule of wide acceptance that even under those circumstances where the State introduces evidence of two or more acts of sexual intercourse between the prosecutrix and the accused, the evidence first offered by the State directly tending to prove such an act of itself constitutes an election for all purposes. From that time on all uncertainty and indefiniteness with respect to selection of the offense committed disappears from the case. The law fixes that particular act as the crime charged. In support of the rule we cited several cases, including the case of State v. Hilberg, 22 Utah 27, 61 P. 215, 216, and in that case the court stated:

> " * * * When evidence was introduced tending directly to the proof of one act, and for the purpose of securing a conviction upon it, from that moment that particular act became the act charged. No election having been made by the prosecution, the law made the election. What before this had been uncertain and contingent was now fixed and definite. This election having been thus made by proving the first act of intercourse as having taken place in April, 1897, no subsequent election could be made; nor could the prosecution prove any other act of the kind as a substantial offense upon which a conviction could be had; * * * "

See also People v. Williams, 133 Cal. 165, 65 P. 323, 325; Dugan v. State, Okl.Cr., 360 P.2d 833, 834–835; 23 C.J.S. Criminal Law § 1044, p. 1185.

■■ Manifestly that is the rule which the trial court was required to follow here. It was incumbent upon the court at the time of the motion to require the State clearly and specifically to identify the act relied upon for conviction. As we pointed out in the Koch case, that could have been done in two ways. Under the evidence the court could have informed the jury that the State had elected the exact date of February 14, 1963. Or, if the court preferred to allow the State some flexibility as to the exact date at that stage of the proceedings, it could have done so, providing care was taken to identify the act by the additional circumstances to which the prosecutrix had testified. It did neither. Consequently, the statement of the court to the jury "that the date elected by the State is on or about the 15th day of February, 1963" was tantamount to no election at all.

Notwithstanding, the State argues here that testimony of the prosecutrix tending to prove that a "rubber" was not used in the first act was sufficient to meet the requirements laid down in Koch. There are two answers to that proposition. In the first instance the court made no mention of a "rubber" in the statement to the jury, and secondly the State seems to overlook all of the testimony of the prosecutrix relating to this specific matter. She first testified that sometimes the defendant used a "rubber" and sometimes he did not, and that February 14, 1963, was "at least a time" when that was not done.

Under some circumstances we might be reluctant to hold that the foregoing ruling, standing alone, would be prejudicial. However, the record reveals that as the trial progressed the clear and specific identification of the exact crime charged became increasingly important to the defendant. Unfortunately the early view taken by the State and accepted by the trial court that the time of the offense was wholly immate-

rial continued to prevail. The injustice of that view is readily apparent. At the completion of the taking of testimony the jury had before it the evidence first presented by the State tending to prove an offense occurring February 14 (Valentine's Day), 1963; it had before it evidence of similar offenses occurring prior thereto; it had before it the defendant's evidence tending to establish an alibi; and lastly it had before it the further testimony of the prosecutrix that she had engaged in an act of sexual intercourse with defendant on both nights of February 14 and February 15, 1963. Under those circumstances, and we so indicated in State v. Slane, supra, it is our view that the time of the offense became critical. It could no longer be regarded as immaterial.

 To hold otherwise would be to deprive the defendant of his defense of alibi. There is abundant authority holding that where a defense of alibi is interposed the time of the act of sexual intercourse upon which the State relies for conviction does become material. State v. Coss, 53 Or. 462, 101 P. 193, 195; State v. Severns, 13 Wash. 2d 542, 125 P.2d 659, 667; People v. Waits, 18 Cal.App.2d 20, 62 P.2d 1054; State v. Chittim, Mo., 261 S.W.2d 79, 80; State v. Waid, 92 Utah 297, 67 P.2d 647, 649, 650, 651; Cambron v. State, 86 Okl.Cr. 437, 193 P.2d 888, 893–894. The necessity of invoking that rule under the circumstances of this case is obvious. Without an instruction such as defendant's Instruction No. A,

definitely fixing the time, the jury was permitted to believe that even though it determined the issue of alibi in defendant's favor it could nevertheless find the defendant guilty on the basis of the testimony of the prosecutrix that she also had sexual intercourse with the defendant on February 15, 1963, or at some other time between that date and December 22, 1962. We have no way of knowing, and the defendant has no way of knowing, which offense the jury agreed upon for its verdict. Consequently, it was prejudicial error for the court to refuse defendant's Instruction No. A or its equivalent. Goich v. State, 80 Wyo. 179, 339 P.2d 119, 122. The State, of course, argues to the contrary and predicates its argument on statements made in State v. Koch and State v. Slane, supra. However, those cases are not apropos here because the issue of alibi was not present in either of them.

Other errors have been presented and argued by the defendant, but we find it unnecessary to discuss them inasmuch as they are not apt to reoccur in a further trial of the case.

For the reasons stated the conviction of the defendant cannot stand. The judgment and sentence are reversed and the case remanded for a new trial.

Reversed and remanded.

Mr. Justice McINTYRE, not participating.