Tim STEWART, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 86–40.

Supreme Court of Wyoming.

Aug. 26, 1986.

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender; and Julie D. Naylor, Appellate Counsel, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., John Renneisen, Sr. Asst. Atty. Gen., Mike French, Student Intern, Cheyenne, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Justice.

Appellant, Tim Stewart, age 26, was convicted of taking indecent liberties with a fifth-grade child, age 12, in violation of § 14–3–105, W.S.1977 (December 1978 Replacement). He was sentenced to imprisonment and appeals his conviction. Appellant urges a single issue on appeal:

"Whether or not the Information filed against Appellant was so vague and indefinite as to deny Appellant the opportunity to prepare his defense."

We will affirm.

Appellant and JF (the victim) lived next door to each other in a trailer court. Some time after March 1, 1985, appellant asked JF to come inside his trailer and have sex with him. JF testified that she and appellant could have had sex between ten and twenty times.

Appellant entered a plea of not guilty to the charge of taking indecent liberties with

a minor in violation of § 14–3–105, W.S. 1977, which states:

"Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or to encourage another child to commit with him any immoral or indecent act is guilty of a felony * * *."

Appellant asserted that JF's allegations were untrue and offered an alibi to prove his innocence. However, he admitted that JF came into his trailer once, but could not remember the date.

Appellant filed a motion for a bill of particulars asking the state to set out the specific dates of the alleged offenses. The trial court granted this motion. After receiving the bill of particulars appellant made a motion to dismiss, contending the bill of particulars was too general, vague and indefinite to allow him to adequately prepare his defense, and that Rule 9, Wyoming Rules of Criminal Procedure, had not been complied with. The trial court denied the motion, and appellant was tried before a jury and found guilty.

Appellant claims on appeal that the trial court erred in ruling that the information supplemented by the bill of particulars was sufficient, and that this ruling violated his sixth amendment right to prepare a defense. He quotes the Sixth Amendment of the United States Constitution which states in part:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him. * * *"

Appellant also quotes the Wyoming Constitution, Art. 1, § 10:

"In all criminal prosecutions, the accused shall have the right * * * to demand the nature and cause of the accusation. * * *"

This court defined the purpose of an information in *Crouse v. State*, Wyo., 384 P.2d 321, 325 (1963):

"[A]s stated in 42 C.J.S. Indictments and Informations § 90a, pp. 959–960, '[T]he purpose of an information [is to] * * * protect the accused from being twice put in jeopardy for the same offense, enable accused to prepare for trial, and enable the court, on conviction, to pronounce sentence according to the right of the case.' * * *"

The question of sufficiency of an indictment was resolved in *Hovee v. State*, Wyo., 596 P.2d 1127 (1979). The requirements are that an indictment is sufficient if it contains, 1) the elements of the offense charged, 2) if it fairly informs a defendant of the charge against which he must defend, and 3) if it enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. These standards were also applied in *Ostrowski v. State*, Wyo., 665 P.2d 471 (1983); *State v. Faltynowicz*, Wyo., 660 P.2d 368 (1983); and *Nimmo v. State*, Wyo., 603 P.2d 386 (1979). In Faltynowicz we said:

" * * * The same standards, [of Hovee, supra] of course, would apply in judging the sufficiency of an information." Id., at 371.

The first requirement according to Hovee is that the information contain the elements of the offense. In the present case, the information, supplemented by a bill of particulars, stated appellant was accused of taking indecent liberties with a child in violation of § 14–3–105. The documents stated that appellant knowingly had sex with the victim, and that he knew she was a child. Also, since the statute only requires there be a knowing act with a minor to constitute a violation, the elements of the offense were sufficiently set out. Appellant claims, however, that the second and third requirements of Hovee were not met, that is, the information was insufficient to fairly inform him of the charge against which he must defend and enable him to plead acquittal or conviction in bar of future prosecutions for the same offense.

The bill of particulars alleged sexual acts on five or more occasions between March 1,

1985, and April 9, 1985, and that one of the alleged acts occurred in appellant's bathtub. More specifically, it stated that "on or about April 9, 1985, the defendant had sexual relations with JF." Appellant argues that because his defense was alibi he was entitled to be advised of the exact date the alleged offense occurred. At trial there was only fleeting testimony regarding sexual acts at a time other than "on or about April 9th." The state's evidence focused on a sexual encounter during the Easter vacation. Easter was April 7, and the victim associated the time of the sexual act with being out of school during the Easter recess. She further testified that an act took place in the bathtub in appellant's trailer.

■ We have said that where the specific date is not a requirement of the crime, alleging a general time period in lieu of a specific date is sufficient to give a defendant notice and allow him to adequately prepare a defense.

"* * * [W]here the charge follows the statutory language and such language contains all that is essential to constitute the crime, the indictment is sufficient. * * *" *Boyd v. State*, Wyo., 528 P.2d 287, 289 (1974), *cert. denied* 423 U.S. 871, 96 S.Ct. 137, 46 L.Ed.2d 102 (1975).

A specific date is not essential to the commission of indecent liberties under § 14–3–105; therefore, the information supplemented by the bill of particulars was sufficient, and complied with the requirements of *Hovee v. State*, supra.

Also, Rule 9(a), W.R.Cr.P. states:

'* * * The indictment or information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged * * *. * * * Error in the citation or its omission or any other defect or imperfection which does not tend to prejudice any substantial right of the defendant upon the merits or to mislead the defendant to his prejudice shall not be grounds for dismissal of the indictment or information or for reversal of a conviction. * * *"

Appellant had no problem presenting his alibi defense, and presented testimony from three witnesses and himself covering the Easter vacation period. He has never claimed that he was in any way inhibited from presenting evidence for this time period. Apparently, he was ready to present this evidence at the conclusion of the state's case in chief, and did not ask for a continuance to try to find additional alibi evidence.

"* * * We have stated repeatedly that in the interests of justice and recognizing that young children cannot be expected to be exact regarding times and dates, a child's uncertainty as to time or date upon which the offense charged was committed goes to the weight rather than the admissibility of the evidence. *State v. Effler*, 309 N.C. 742, 309 S.E.2d 203 (1983); *State v. King*, 256 N.C. 236, 123 S.E.2d 486 (1962). See: *State v. Sills*, 311 N.C. 370, 317 S.E.2d 379 (1984). Nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time for the offense where there is sufficient evidence that defendant committed each essential act of the offense. * * *" *State v. Wood*, 311 N.C. 739, 319 S.E.2d 247 (1984).

The Nevada Supreme Court, quoting the Idaho Supreme Court said:

" 'It would be a very weak rule of law that would permit a man to ravish a fifteen year old girl and then say in effect: "You cannot convict me of this crime, as you did not guess the right date." See *State v. Rogers*, 48 Idaho 567, 283 P. 44, 45 (1929).' " *Cunningham v. State*, 100 Nev. 396, 683 P.2d 500, cert. denied sub nom. *Cunningham v. Nevada*, 469 U.S. 935, 105 S.Ct. 336, 83 L.Ed.2d 272 (1984).

The lack of a specific date neither prejudices a defendant nor hinders his ability to present a defense of alibi. In *State v. Koch*, 64 Wyo. 175, 189 P.2d 162 (1948), where the defendant asserted an alibi defense for the crime of having carnal knowledge of a child, age 10, we said:

" * * * Ordinarily a charge that the crime was committed at or about the time alleged in the information or within a given period before the filing of the indictment or information is sufficient. * * *" See also *State v. Slane*, 48 Wyo. 1, 41 P.2d 269 (1935).

Our decision in *State v. Koch*, supra, was reaffirmed in a later case where the defendant was accused of having carnal knowledge of a minor and asserted a defense of alibi. There, we said:

" * * * [A]lthough she specified no date, our holding in *State v. Koch*, 64 Wyo. 175, 189 P.2d 162, 166, makes it clear that the time of the occurrence as testified by the witness is not subject to challenge." *Rhodes v. State*, Wyo., 462 P.2d 722, 724 (1969).

In *Esquibel v. State*, Wyo., 399 P.2d 395 (1965), the prosecution produced evidence that an act of sexual intercourse took place on the evening of February 14, 1963. The victim testified that she did not go out with defendant on the night of February 15, 1963, and in fact, had no sexual relations with the defendant between the act of February 14, and a subsequent act performed on February 17. Defendant by way of alibi testified that on the evening of February 14, he was at home attending a birthday party. His alibi testimony was corroborated by seven other witnesses. After the defense rested, the prosecutrix was recalled and testified that she had sexual intercourse with defendant on the night of February 15, as well as February 14.

This court ruled in *Esquibel* that the prosecution had effectively elected to prosecute the defendant for an act committed February 14, 1963, and that it was error for the trial court to instruct the jury that the state elected to prosecute the defendant for an act committed "on or about" February 15, 1963.

*Esquibel* is distinguishable from the case before us. In the present case an election as to the exact date of the offense was never made. The bill of particulars stated the act of sexual intercourse took place on or about April 9, 1985, and the evidence showed that it took place during the Easter vacation. Easter was April 7; defendant's alibi evidence covered the Easter vacation.

We think it clear, that where the statutory definition of the offense does not require a specific date, such a date need not be given in the information. Likewise, alleging a general time period is sufficient to give notice to a defendant and allow him to prepare an alibi defense.

"The election should be such as to fix definitely the transaction relied on, but its sufficiency to some extent at least is discretionary with the trial court. It is enough that it be as definite as is possible from the evidence where, from the information, the evidence, and the election, accused is informed as to the transaction, or the jury could not be misled as to the particular charge submitted to them * * *." 23 C.J.S. Criminal Law § 1044, p. 1189 (1961). See also, *State v. Koch*, supra.

Here, appellant was given sufficient notice to prepare a defense, and the information fairly informed him of the charges filed against him, meeting the second requirement of *Hovee v. State*, supra.

As for the third requirement of Hovee, appellant would have us find that the absence of specific dates in both the information and subsequent bill of particulars could subject him to a future prosecution for the same offense. Appellant's concern is more imaginary than real.

In dealing with the sufficiency of an information in bar of future prosecutions, the United States Court of Appeals has said:

"[An information is sufficient if] the nature of the offense, the place where it is alleged offenses were committed, the period of time covered thereby, as well as the specific statutes which it was claimed appellant violated, are specifically set out. * * *" *Butler v. United States*, 197 F.2d 561, 562 (10th Cir.1952).

And,

" * * * [w]here the time is not an essential element of the offense, it is sufficient

to charge facts which show that the offense was committed. * * * " Id., at 562.

The victim is usually the only witness in crimes of indecent liberties; therefore, credibility is vital to a conviction. JF's testimony about the occurrences was corroborated by two inmates, Mr. Anderson and Mr. Alberdeen, who were confined in the same jail as appellant at the time of appellant's trial. Mr. Anderson stated that during his conversation with appellant, appellant told him he did not rape her, but he did have sex with her. Appellant told Anderson "once in his bed and once in the bathroom." Mr. Alberdeen stated that while he was listening to the conversation between Mr. Anderson and appellant, appellant had said "Yeah, why not," in answer to Mr. Anderson's question did appellant sleep with JF.

A jury is charged with determining the credibility of the witnesses and it is its duty to weigh the evidence and render a verdict. *Jahnke v. State*, Wyo., 692 P.2d 911 (1984). The jury obviously found appellant's story not credible.

In this case appellant knew almost two full months before the date of his trial that he was being charged with taking indecent liberties in violation of § 14–3–105; that he was being accused by the victim, JF; that the alleged events occurred on or about April 9, 1985; and that all events were to have taken place in his trailer with at least one occurring in his bathtub. We think this was sufficient to give the appellant notice of the charges filed against him, allow him to prepare a defense of alibi, and protect him from the possibility of future prosecutions for the same offense. The crucial factor in appellant's defense was the credibility of each witness's testimony, not the specific date of the alleged events; and two witnesses corroborated JF's testimony. We find no reversible error in this case.

Affirmed.

URBIGKIT, Justice, dissenting.

I do not accept the premise that reasonable notice to the defendant of a claimed criminal offense is not an absolute predicate of the constitutional right to defend, and consequently dissent.

Prosecutorial willingness to expand the rules of prosecution and diminish the constitutional rights of the charged defendant are coterminous with inattention of the judiciary, and this case constitutes an undesired example.

My concern is that the avalanche of these sexual-abuse cases can serve to subtly and singularly erode the entire body of constitutional rights, which erosion cannot rationally be restricted to the specific genie now released.

Factually in this case the following occurred.

1. A specific charge was filed against Stewart involving a claimed date of occurrence of March 10, and was later dismissed for invalidity when a verified alibi was afforded at the preliminary hearing.

2. Not to be swayed, the prosecutor then filed a multiple-incident charge, without date specificity, encompassing incidents which allegedly occurred "sometime between March 1 and April 9, 1985."

3. A motion for a bill of particulars was filed by the defendant to which the response given was "between March 1 and April 9" and "on or about April 9."

4. At the preliminary hearing, the complainant testified as to events contended to have occurred on April 9.

5. At trial no proof was afforded about events on April 9, and to the contrary a reasonable alibi defense was afforded, but conviction was accomplished based on other alleged episodes of sexual intercourse which occurred at some other indefinite time between March 1 and April 9.

6. Although the defendant moved to dismiss for inadequacy of the bill of particulars, the motion was denied.

The charge in this case, a sex offense in a societal atmosphere where most people are inclined to believe the worst is most seriously impacted by lack of specificity to

afford the defendant an opportunity to present exculpatory evidence. Given the generalized allegations as to dates of occurrences, conviction in this case became a foregone conclusion. While the complainant must be allowed reasonable parameters within which to recall the dates of the events, the court in this case condones neglect of the prosecutor's obligation to define his case within constitutional constraints.

The issue, of course, is notice to allow the defendant to adequately prepare his defense. The court's decision to allow such leverage in defining dates of occurrences in a criminal charge favors the prosecution. Requiring trial upon the unclarified bill of particulars defies justice in violation not only of Art. 1, §§ 6 and 10 of the Wyoming Constitution, but also the Sixth and Fourteenth Amendments to the United States Constitution.

In reviewing the authorities used to justify this new posture of this court, I note that *Crouse v. State*, Wyo., 384 P.2d 321 (1963) did not involve a bill of particulars as is currently provided in Wyoming law by Rule 9(d), W.R.Cr.P.:

" (d) *Bill of particulars.*—The court for cause may direct the filing of a bill of particulars. A motion for bill of particulars may be made only within ten (10) days after arraignment or at such other time before or after arraignment as may be prescribed by rule or order. The bill of particulars may be amended at any time subject to such conditions as justice requires."

Likewise, no date of the specific event was implicated in that case of hiding stolen property, which is dissimilar in circumstantial and practical proof from the charge in this case of what we used to call statutory rape and which is now called indecent liberties with a minor. The Hovee embezzlement case, *Hovee v. State*, Wyo., 596 P.2d 1127 (1979) is likewise clearly different as encompassing a bill of particulars sufficient to "fully [apprise] the appellant of the charges against him with a reasonable degree of certainty," including one television

set and specific checks. 596 P.2d at 1132. The rule advanced in *Hovee* is not in issue. Rather the issue in this case is the "when" question, and how broadly these specific dates may be presented so that, in violation of his Sixth Amendment rights, the defendant does not know what he must defend.

It is recalled again that the charges in this case started with a day and went to a month, and I would ask whether a year or a decade would also neither prejudice a defendant nor hinder the availability of a defense of alibi. *Grady v. State*, 24 Md. App. 85, 329 A.2d 726 (1974). No human being can prove where he was for one month unless in jail or on an extended vacation abroad.

*State v. Koch*, 64 Wyo. 175, 189 P.2d 162 (1948) also lacks credence as authority. In that case, the discrepancy was within one day, and not somewhere within a month and a week as is the case here. "On or about June 28" was only stretched out to include the alleged date of June 27. The difference is vividly illustrated by a quote from the instruction given in *Koch:*

" ' * * * The State has elected to prosecute this defendant for an act committed on or about the 28th day of June, 1944, in the Hockett Apartment in the town of Pinedale, Wyoming. The defendant has introduced evidence that neither he nor the prosecutrix was in the Hockett Apartment on or about the 28th day of June, 1944. If after considering all of the evidence you have a reasonable doubt that the defendant committed the rape on or about the 28th day of June, 1944, then, even if you believe that the defendant committed the act at some other time or place, you must acquit the defendant, and return a verdict of not guilty.' " 189 P.2d at 166.

*Ostrowski v. State*, Wyo., 665 P.2d 471 (1983) involved the amendment of an information to correct a statutory citation. *State v. Faltynowicz*, Wyo., 660 P.2d 368 (1983) was a bill of exceptions relating to the omission of the year as a typographical error. *Nimmo v. State*, Wyo., 603 P.2d 386 (1979) involved the question of alleging

criminal intent in addition to "unlawfully and feloniously" in the indictment.

Consequently, I would not find relevant similarities in any of these authorities to support the unspecified-date insufficiencies of the present charge. *Rhodes v. State*, Wyo., 462 P.2d 722 (1969) also is not supporting authority for this decision. In that case, specific dates charged were included in the information, and the court said, in evaluating an objectionable leading and suggestive question:

"* * * We can agree that it was indeed unfortunate for such a question to be asked, but we do not view the matter under the circumstances here present as constituting the serious error ascribed to it by counsel, who overlooks the significance of our implied limitation in *Esquibel v. State*, Wyo., 399 P.2d 395, 399 [ (1965) ], that, where a *defense of alibi* is interposed, the time of the act of sexual intercourse upon which the State relies for conviction becomes material." 462 P.2d at 724.

The only straight-up authority invoking a sexual-offense complaint is *Esquibel v. State*, Wyo., 399 P.2d 395 (1965), which is directly contrary to the decision of this court here and personifies the statutory, common-law and constitutional issues of notice involved in the right to defend. In *Esquibel* this court said:

"* * * It was incumbent upon the court at the time of the motion to require the State clearly and specifically to identify the act relied upon the conviction. * * *

\* \* \* \* \* \*

"* * * Unfortunately the early view taken by the State and accepted by the trial court that the time of the offense was wholly immaterial continued to prevail. The injustice of that view is readily apparent. * * *

"To hold otherwise would be to deprive the defendant of his defense of alibi. There is abundant authority holding that where a defense of alibi is interposed the time of the act of sexual intercourse upon which the State relies for conviction does become material. *State v. Coss*, 53

Or. 462, 101 P. 193, 195; *State v. Severns*, 13 Wash.2d 542, 125 P.2d 659, 667; *People v. Waits*, 18 Cal.App.2d 20, 62 P.2d 1054; *State v. Chittim*, Mo., 261 S.W.2d 79, 80; *State v. Waid*, 92 Utah 297, 67 P.2d 647, 649, 650, 651; *Cambron v. State*, 86 Okl.Cr. 437, 193 P.2d 888, 893–894. * * * The State, of course, argues to the contrary and predicates its argument on statements made in *State v. Koch* [supra] and *State v. Slane* [48 Wyo. 1, 41 P.2d 269 (1939)]. However, those cases are not apropos here because the issue of alibi was not present in either of them." 399 P.2d at 398–399.

This court said in *Borrego v. State*, Wyo., 423 P.2d 393, 395 (1967):

"* * * We indicated in the Wilson case [*State v. Wilson*, 76 Wyo. 297, 301 P.2d 1056 (1956) ] that although ordinarily the appellate court will not review or revise a trial court's refusal to grant a bill of particulars, such rule is tempered considerably under constitutional provisions which grant accused the right to be fully informed of the nature of his accusation."

The only thing that is factually certain from reviewing the record in this case is that the complainant does not say anything occurred on April 9, 1985, and to the contrary:

"Q. Did you have any relations with him on April the 9th?
"A. Not that I remember.

\* \* \* \* \* \*

"Q. It wasn't April 9th like you testified previously?
"A. I don't know.
"Q. Was it at 4:00 o'clock?
"A. I don't remember."

Actually, the witness had previously said that it specifically occurred on April 10 in the original discussion with the police officer, and then at the preliminary hearing that it occurred on April 9, and at trial was uncertain since defendant had excellent alibi evidence demonstrating the invalidity of the April 9 charge. With the exclusion of

the one stated date, the prosecutor then moved within the parameters of possible occurrence to encompass a span of 39 days.[1]

A charge of indecent liberties is obviously a date-event circumstance as determined and discussed in Esquibel, and also considered in the other cited cases which review the use of an alibi defense. See also *State v. Graves*, Mo., 588 S.W.2d 495 (1979). Not to be repetitive, but it is contention without logical substance to say that there is no problem of proving an alibi defense for the 960 hours related in the bill of particulars. Counsel for either the defense or the prosecution would be similarly challenged to prove, based on a neighbor's allegations, where they were for 960 hours, if charged with separate limited time events in the criminal complaint. Sadly I contemplate that through misrecognition, and in seeking to affirm this particular conviction, we eliminate the criterion of reasonable notice. The destruction of constitutional rights inculcated in the text of the decision is far broader than a first casual review might reveal.

Not only is the case bad within the context presented, but the rule, broader than the case itself, is disingenuous to guarantees which are less than casually provided by the Constitution of the State of Wyoming and the Constitution of the United States. Even if called to ignore constitutional prerequisites in this case, compliance with Rule 9(a), W.R.Cr.P., cannot be found:

" * * * The indictment or information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged * * *."

Prosecutorial leverage by indefiniteness of complaint conflicts with constitutional rights of defense. It is significant in this case that the proof at trial was different than the time stated by information or the testimony afforded at the preliminary hearing. Authorities cited by the court or by

the State in its brief do not relate to a comparable situation as an authoritative basis for the decision now made. The "when" of the charge has been eliminated as a requirement of our Rule 9 or of the constitutional directive. *Esquibel v. State*, supra.

"In all criminal prosecutions the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation * * *." Sixth Amendment to the United States Constitution.

"In all criminal prosecutions the accused shall have the right to defend in person and by counsel, to demand the nature and cause of the accusation * * *." Article 1, § 10, Wyoming Constitution.

*United States v. Mills*, 32 U.S. (7 Pet.) 138, 142, 8 L.Ed. 636 (1833); *United States v. Cruikshank*, 92 U.S. (2 Otto) 542, 558, 23 L.Ed. 588 (1875):

" * * * A crime is made up of acts and intent; and these must be set forth in the indictment with reasonable particularity of time, place, and circumstances."

Directly relating to the principle requiring an adequate response to a bill of exceptions is the comprehensive and thoughtful discussion of Justice Parker in *State v. Wilson*, 76 Wyo. 297, 301 P.2d 1056, 1064 (1956), wherein he stated:

"It has been said that ordinarily the appellate court will not review or revise a trial court's refusal to grant a bill of particulars. * * * However, this rule has been tempered considerably under constitutional provisions granting accused the right to be fully informed of the nature of his accusation. * * * Moreover, the trial court's exercise of discretion must be most carefully examined in a situation like the one at bar where there has, in fact, been a metamorphosis of the information.

"This defendant said he was misled. We do not know whether he was or not, nor

---

1. Unfortunately, final argument was not transcribed, if a record was made. Defense counsel should be called to recognize the primacy and recency factors in psychological behavior and decision and always have a record of both opening and closing arguments for jury trials at least. One can frequently look at argument to understand counsel planning and jury behavior in trial verdicts. The "why" is reflective of the "what" that they were told.

do we think it was possible for the trial court to be certain. If defendant had been given the benefit of the doubt, as we think he should have been, the motion for the bill of particulars would have been granted."

The source of the adequate-defense rule can, in part, be traced to the discussion of "information sufficient to afford him a fair and reasonable opportunity to meet it and defend himself," *Neusbaum v. State*, 156 Md. 149, 143 A. 872, 876 (1928).

See also *Esquibel v. State*, supra, and cases therein cited; *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *United States v. Conlon*, 202 A.D.C. 150, 628 F.2d 150 (D.C.Cir. 1980); *United States v. Chase*, 372 F.2d 453, 461 (4th Cir.), cert. denied 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626 (1967); *Flying Eagle Publications, Inc. v. United States*, 273 F.2d 799, 802 (1st Cir.1960); and *United States v. Tellier*, 19 F.R.D. 164 (1956).

> "This constitutional protection is implemented by the requirement of Rule 7(c)(1) that an indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Wright, Federal Practice and Procedure: Criminal 2d § 125, 1986 pocket part.

See also Note, *Indictment Sufficiency*, 70 Colum.L.Rev. 876, 884 (1970); Scott, *Fairness in Accusation of Crime*, 41 Minn.L. Rev. 509, 514 (1957).

The conviction should be reversed and the case remanded for a new trial.