**Andrew JACKSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 93–148.

Supreme Court of Wyoming.

March 6, 1995.

---

Leonard D. Munker, State Public Defender; Deborah Cornia, Appellate Counsel; and Linda Burt, Public Defender Program. Argument presented by Ms. Cornia, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., D. Michael Paul-

ing, Sr. Asst. Atty. Gen., Mary Beth Wolff, Sr. Asst. Atty. Gen., Theodore E. Lauer, Director, Prosecution Assistance Program; and Karla Tull, Student Intern. Argument presented by Ms. Wolff, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

LEHMAN, Justice.

Appellant Andrew Jackson was charged with two counts of indecent liberties with a child and *three counts of first degree sexual assault.* He was, however, convicted of two counts of indecent liberties with a child and *three counts of second degree sexual assault.*

Two of the three counts of first degree sexual assault were reduced by the justice of the peace after preliminary hearing. The remaining count of first degree sexual assault was reduced by the jury, which was instructed that second degree sexual assault is a lesser included offense of first degree sexual assault.

Jackson raises eight issues in his appeal, but pivotal to this appeal is the consideration of second degree sexual assault being a lesser included offense of first degree sexual assault.

## ISSUES

Jackson raises the following eight issues for our review:

[I.] Did the failure of the Justice of the Peace to bind the Appellant over on the original charges or a lesser-included offense deprive the district court of jurisdiction to proceed on those offenses and deprive the appellant of due process of law?

[II.] Did the trial court erroneously instruct the jurors on the law applicable to this case?

[III.] Was the charging document in this case fatally defective and should the convictions be voided?

[IV.] Did admission of evidence of uncharged misconduct without proper scrutiny and without issuing appropriate limiting instructions deprive the appellant of his right to a fair trial?

[V.] Was the Appellant denied his right to a unanimous verdict?

[VI.] Did the trial court improperly order restitution and DNA testing at sentencing?

[VII.] Was Appellant denied effective assistance of counsel due to trial counsel's deficient performance?

[VIII.] Whether the cumulative effect of the errors discussed above was such as to deny the Appellant his right to a fair trial and substantial justice.

The State presents the following issues, paraphrased:

I. Whether Appellant was properly charged and convicted of the crimes of second degree sexual assault and indecent liberties with a minor?

II. Whether the admission of Appellant's prior bad acts was proper under Wyoming Rule of Evidence 404(b)?

III. Whether the restitution order was proper?

IV. Whether Appellant was denied effective assistance of counsel and whether appellant received a fair trial?

## BACKGROUND

The victim in this case is Jackson's stepdaughter. Jackson had met the victim's mother in April of 1988 in Thermopolis. They were married in 1990. The family moved a number of times and returned to Hot Springs County in December of 1991 when the victim was 15 years old.

The five counts of sexual misconduct all occurred in Hot Springs County after the family's return between December 17, 1991, and June 23, 1992. At trial, in addition to the testimony of the victim about the five charged counts, she did testify to numerous sexual contacts with Jackson before the family's return to Hot Springs County, one of which resulted in her pregnancy. The victim gave birth to Jackson's child on May 15, 1992. The victim, her mother and her sister further testified to various acts of physical abuse by Jackson.

## DISCUSSION

### I. Lesser Included Offenses

#### A. Lesser Included Charges

 This court in *State v. Keffer*, 860 P.2d 1118 (Wyo.1993), established the standard for identifying lesser included offenses by adopting the statutory elements test.

Under this test, one offense is not "necessarily included" in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under [Wyoming Rule 31(c)].

*Keffer*, at 1134 (*quoting Schmuck v. United States*, 489 U.S. 705, 716, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989)). Applying the statutory elements test, we conclude that second degree sexual assault is not a lesser included offense of first degree sexual assault. This conclusion reaffirms our holding in *Seeley v. State*, 715 P.2d 232, 238–39 (Wyo. 1986) which also found that second degree sexual assault is not a lesser included offense of first degree sexual assault.

The elements of second degree sexual assault are not a subset of those found in first degree sexual assault but rather contain separate elements. As it pertains to this case, sexual assault in the first degree, W.S. 6–2–302(a)(i) (1988), provides:

(a) Any actor who inflicts sexual intrusion on a victim commits a sexual assault in the first degree if:

(i) The actor causes submission of the victim through the actual application, reasonably calculated to cause submission of the victim, of physical force or forcible confinement.

Sexual assault in the second degree, W.S. 6–2–303(a) (1988), provides:

(a) Any actor who inflicts sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituting sexual assault in the first degree:

(i) The actor causes submission of the victim by threatening to retaliate in the future against the victim or the victim's spouse, parents, brothers, sisters or children, and the victim reasonably believes the actor will execute this threat. "To retaliate" includes threats of kidnapping, death, serious bodily injury or extreme physical pain;

\* \* \* \* \* \*

(vi) The actor is in a position of authority over the victim and uses this position of authority to cause the victim to submit[.]

Wyoming Statute 6–2–303(a) clearly states that a second degree sexual assault is committed "under circumstances *not* constituting sexual assault in the first degree." (Emphasis added.) Further, the elements found in second degree sexual assault of causing "submission of the victim by threatening to retaliate in the future against the victim or the victim's spouse, parents, brothers, sisters or children, and the victim reasonably believes the actor will execute this threat \* \* \* includ[ing] threats of kidnapping, death, serious bodily injury or extreme pain" or being "in a position of authority over the victim and uses this position of authority to cause the victim to submit" require elements different from the causing "submission of the victim through the actual application, reasonably calculated to cause submission of the victim, of physical force or forcible confinement" found in first degree sexual assault, W.S. 6–2–302(a)(i).

 Having established by the statutory analysis test that sexual assault in the second degree is not a lesser included offense of sexual assault in the first degree, Jackson's first issue may be addressed. Jackson asserts that the justice of the peace did not have the authority to bind him over to the district court on second degree sexual assault and, therefore, the district court did not have proper jurisdiction. Wyoming Rule of Criminal Procedure 5.1, which became effective March 24, 1992, some three months before Jackson's preliminary hearing held on July 29, 1992, provides in part:

(b) *Probable cause finding.*—If from the evidence it appears that there is probable cause to believe that **the charged offense or lesser included offense** has been committed and that the defendant committed

it, the judicial officer shall enter an order so finding and the case shall be transferred to the district court for further proceedings.

(Emphasis added.)

The language which requires the judicial officer to find probable cause as to the "charged offense or lesser included offense" was new to the rule and charts a new course from the old Wyoming rule and federal rule which required only a finding that an offense had been committed. The legislature gave this court the power to adopt, modify and repeal rules of procedure for all courts. W.S. 5–2–114 (1977). "The proper and orderly administration of justice requires reasonable adherence to rules. * * * [T]hey should not be relaxed or changed at the whim of this or any other court." *Wilson v. State*, 655 P.2d 1246, 1253 (Wyo.1982) (*citing Zier v. City of Powell*, 526 P.2d 63 (Wyo. 1974)); *see also Mayland v. State*, 568 P.2d 897 (Wyo.1977). Rule 5.1(c) goes on to state that if probable cause is not found, the information is to be dismissed; however, that would not preclude the State from instituting a subsequent prosecution for the same offense.

In this case, the judicial officer found no probable cause existed for the charged offense or a lesser included offense. The record does not indicate that the State attempted to amend the charge; and even though no objection was lodged by Jackson, the judicial officer had no authority to transfer the two reduced charges to the district court. Accordingly, the district court lacked jurisdiction to consider the reduced charges. The result, therefore, is that the convictions to Counts II and IV, sexual assault in the second degree, are vacated and no jeopardy attaches because the district court did not have jurisdiction.

**B. Lesser Included Instruction**

In the context of the error discussed above, Jackson further contends that the trial court erroneously instructed the jurors on the law applicable to this case. This allegation of error revolves around the trial court instructing the jury, in Instruction No. 14, on second degree sexual assault.

■ Instruction No. 14 informed the jury that the charge of first degree sexual assault found in Count V of the information included the lesser offense of second degree sexual assault. As indicated above, second degree sexual assault is not a lesser included charge to first degree sexual assault. No objections to the instruction were made at the time of trial; it must, therefore, be reviewed under the plain error rule. Appellant has the burden of proving:

(1) the record clearly shows what occurred at trial,

(2) transgression of a clear and unequivocal rule of law, and

(3) which adversely affected one of [appellant's] substantial rights. Failure to establish each element of this three-part test precludes a finding of plain error.

*Taul v. State*, 862 P.2d 649, 656 (Wyo.1993) (*citing Geiger v. State*, 859 P.2d 665, 668 (Wyo.1993)).

■ It is clear from the record in this case that a clear and unequivocal rule of law has been violated. As we stated in *Keffer*, "[w]here the lesser offense requires an element not required for the greater offense, no instruction is to be given under [Wyoming Rule 31(c)]." *Keffer*, 860 P.2d at 1134. Therefore the trial court erroneously instructed the jury on the law applicable to the case. Jackson was charged with first degree sexual assault in Count V, but the jury found him guilty of second degree sexual assault using this erroneous law found in Instruction No. 14. The record clearly shows what occurred at trial, a substantial right was denied, and material prejudice was the result. Count V, guilty of sexual assault in the second degree, must be, and is, reversed.

**II. Sufficiency of the Charging Document**

■ The third issue raised by Jackson is that the charging document in this case was fatally defective and the convictions should be voided. This issue centers upon Count III, which indicates that a course of conduct occurred over a five-month period which resulted in the charge of indecent liberties with a child. Jackson urges that the five-month

time frame insufficiently defined the occurrence of the events and therefore deprived the defendant of the ability to adequately prepare his defense. Jackson further asserts that his rights were violated because Count III fails to allege a place where the offense was committed other than Hot Springs County.

This court held in *Stewart v. State*, 724 P.2d 439, 441 (Wyo.1986) that "where the specific date is not required of the crime, alleging a general time period in lieu of a specific date is sufficient to give a defendant notice and allow him to adequately prepare a defense." Furthermore, a "specific date is not essential to the commission of indecent liberties" with a minor. *Stewart*, at 441.

Jackson's position during the trial was that no sexual contact with the victim occurred during this five-month period, and he fails now to articulate how that defense was hampered by the lack of more specific dates within the information. Furthermore, at no time during the pretrial stages or the trial itself did Jackson request that the State more particularly define the charges. The position, therefore, of Jackson as to lack of specificity to the time period and location within Count III fails, and the conviction is accordingly affirmed.

### III. Admission of Uncharged Misconduct

■ Jackson's fourth issue is that admission of evidence of uncharged misconduct without proper scrutiny and without issuing appropriate limiting instructions deprived the appellant of his right to a fair trial. Prior to trial, Jackson's counsel filed a motion in limine to exclude any evidence at trial "to show that [Jackson] and [the victim] had sexual relation[s] outside of Hot Springs County, Wyoming, including testimony or evidence, such as DNA tests used to prove that [Jackson] is the father of [the victim's child]." Jackson's counsel asserted that the probative value of the evidence was outweighed by the prejudice to Jackson and that proper instructions to the jury would not protect Jackson.

The State's argument was that the evidence should be admitted to corroborate the victim's allegation of sexual intercourse and that it would show a course of conduct and history. The district court denied Jackson's motion in limine, holding that the evidence would show course of conduct.

■ The victim's testimony at the trial included incidents of prior sexual intercourse with Jackson as well as Jackson's infliction of physical abuse on the family. Additionally, the victim's mother and sister testified concerning prior sexual misconduct and physical abuse by Jackson. Rulings on the admissibility of evidence, including admissibility under W.R.E. 403 and 404(b), are within the sound discretion of the trial court. As stated in *Coleman v. State*, 741 P.2d 99, 106 (Wyo. 1987):

> This court will afford deference to the trial court's decision when an appeal is taken. We will not reverse a case on the admission of evidence unless we identify an abuse of discretion properly characterized as an error of law. If there is a legitimate basis for the trial court's decision as articulated in its analysis of its ruling, we will not find an abuse of discretion.

(*Citations omitted.*) *See also Barnes v. State*, 858 P.2d 522, 526–27, 529, 532–33 (Wyo.1993).

This court has recognized that in sexual offense cases, other similar acts by a defendant may be admitted if they involve the victim in the charged offense. *Elliott v. State*, 600 P.2d 1044, 1047 (Wyo.1979). This court has also noted that in cases involving incest and statutory rape of family members, as in this case, "the courts in recent years have almost uniformly admitted such testimony." *Id.*, at 1048. In cases of sexual abuse of minors, this court has generally sustained convictions where evidence of uncharged misconduct was admitted under W.R.E. 404(b) to demonstrate a relevant course of conduct between the perpetrator and the victim or to show the motive of the perpetrator for committing the action questioned. *Brown v. State*, 817 P.2d 429, 433 (Wyo.1991).

■ In *Bishop v. State*, 687 P.2d 242, 246 (Wyo.1984), this court adopted the five-part test of *United States v. Myers*, 550 F.2d 1036, 1044–45 (5th Cir.1977), as an analytical tool for determining whether other bad acts

evidence meets the criterion of W.R.E. 404(b). As recently set forth in *Frenzel v. State,* 849 P.2d 741 (Wyo.1993), the five elements of the *Bishop* test are: (1) proof of the other similar act crimes (acts must be plain, clear and convincing); (2) the other crimes (similar acts) must not be too remote in time from the charged offense; (3) the evidence of the other crimes (similar acts) must be introduced for the purpose sanctioned by W.R.E. 404(b); (4) the element of the charged offense that evidence of other crimes (similar acts) is introduced to prove must be a material issue in the case; and (5) there must be a substantial need for the probative value of the evidence of the other crimes (similar acts). *Frenzel,* 849 P.2d at 751–52. That five-part test is not a rule of evidence but merely an analytical tool, and each of the five elements need not be met before the trial judge may admit W.R.E. 404(b) evidence. *Frenzel,* at 752.

The record supports the trial court's finding and that the *Bishop* test was met by the evidence. The victim testified clearly at trial regarding prior sexual advances by Jackson. The prior bad conduct by Jackson was not too remote in time for the court to have admitted the evidence. It is apparent that the evidence of the pattern of sexual behavior in which Jackson was involved was relevant and, therefore, admissible to show a course of conduct and a clear pattern of sexual abuse committed by Jackson. This testimony was also necessary to establish a motive for commission of the acts that were charged. There was also a substantial necessity for the use of the evidence in order to corroborate the victim's testimony, especially since the victim's testimony was the only evidence the State had and the victim's credibility had been questioned.

Jackson goes on to assert that even though the evidence may be appropriate pursuant to the *Bishop* test, it violated W.R.E. 403, in that its admission was more prejudicial than it was probative. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *Barnes v. State,* 858 P.2d at 528 (*quoting United States*

*v. McRae,* 593 F.2d 700, 707 (5th Cir.1979)). Evidence of Jackson's prior bad acts with the victim was relevant and probative to show the course of conduct which led to the acts for which Jackson was prosecuted and to show Jackson's motive for his later acts.

## IV. Right to a Unanimous Verdict

Jackson's fifth issue is that he was denied his right to a unanimous verdict. As this argument relates to the remaining two counts of indecent liberties with a child, Jackson in this issue again raises the time frame within which Count I is alleged to have occurred, that no bill of particulars was filed, and that no limiting instruction was given regarding the uses to W.R.E. 404(b) evidence. The court, having previously dealt with those issues and arguments, will not again address those issues.

## V. Restitution and DNA Testing Order

■ Issue number six raises the question that the trial court improperly ordered restitution and DNA testing at sentencing. At sentencing, the trial court assessed restitution which required that Jackson pay child support for the victim's daughter. Wyoming Statute 7–9–103(a) (1994 Cum.Supp.) provides in pertinent part as follows:

> If restitution is ordered, * * * the court shall fix a reasonable amount as restitution owed to each victim for actual pecuniary damage resulting from the defendant's criminal activity, and shall include its determination of the pecuniary damage as a special finding in the judgment of conviction[.]

Wyoming Statute 7–9–101(a)(i) (1994 Cum. Supp.) defines criminal activity as:

> [A]ny crime for which there is a plea of guilty * * * or verdict of guilty upon which a judgment of conviction may be rendered and includes any other crime which is admitted by the defendant, whether or not prosecuted.

In this case, Jackson did admit to unlawful sexual intrusion with the victim which could reasonably have been considered to have resulted in the pregnancy. Restitution, therefore, as ordered by the district court was appropriate.

■ An additional part of the sentence ordered Jackson to leave a sample of any type of body tissue or sperm specimen for use in future DNA testing. That part of the sentencing order was beyond the court's authority in that no statutory authority currently exists for such an order and is, therefore, considered an abuse of discretion. That portion of the judgment and sentence is, therefore, to be severed from the remaining portions of the judgment and sentence.

## VI. Ineffective Assistance of Counsel

In argument seven Jackson asserts that he was denied effective assistance of counsel. Jackson asserts trial counsel's performance was deficient in that he failed to object to the illegal bind over by the justice of the peace court on Counts II and IV; he failed to file a bill of particulars; he failed to object to the language in the information which charged elements in both first and second degree sexual assault; he failed to object to a variety of W.R.E. 404(b) testimony; he did not object to the lesser included instructions; and he failed to object to restitution and DNA testing ordered at sentencing. The State did not respond to this issue. Jackson also complains that his trial counsel was ineffective because he failed to call any witnesses other than Jackson himself. Because we vacate Counts II and IV and reverse Count V, we decline to discuss allegations of ineffectiveness of counsel with respect to those counts. We will, therefore, address Jackson's other allegations of error.

■ This court stated in *Frias v. State*, 722 P.2d 135, 145 (Wyo.1986), that under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we must determine whether, in light of all the circumstances, trial counsel's acts or omissions were outside the range of professionally competent assistance. Under this standard, Jackson must demonstrate two elements: First, he must show that counsel's performance was deficient, that is that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and, secondly, Jackson must show that counsel's deficient performance prejudiced him. *In Interest of LDO*, 858 P.2d 553, 556 (Wyo.

1993); *Dickeson v. State*, 843 P.2d 606, 609 (Wyo.1992). Deficient performance is prejudicial if it is reasonably likely that the verdict might have been different except for the deficiency. *Dickeson*, at 611–12.

■ Upon review of the record, we conclude that Jackson has failed to satisfy the two-prong *Strickland* test and has failed to overcome the presumption that trial counsel "rendered adequate and reasonable assistance making all decisions within the bounds of reasonable professional judgment." *Gist v. State*, 737 P.2d 336, 342 (Wyo.1987). As to Jackson's claim that his counsel should have called additional witnesses, Jackson has not proven that it was an unsound trial strategy decision, nor has he proven how he was prejudiced by it.

Furthermore, Jackson's counsel did in fact file a motion in limine to exclude the 404(b) evidence about which Jackson complains, and it was ruled by the trial court that the evidence would be allowed. It would appear to be nothing more than an exercise for the record to continue to object to any evidence which was previously ruled upon as admissible by the trial court.

## VII. Cumulative Error

The final issue raised by Jackson is that the cumulative effect of the errors discussed above was such as to deny appellant his right to a fair trial and substantial justice. Having addressed each of the issues, we find no merit with this argument.

### CONCLUSION

Count I: The charge of indecent liberties with a child is affirmed. Count II: The charge of first degree sexual assault reduced by the judicial officer to second degree sexual assault is vacated for lack of jurisdiction in the district court. Count III: The charge of indecent liberties with a child is affirmed. Count IV: The charge of first degree sexual assault which was reduced to second degree sexual assault by the judicial officer is vacated for lack of jurisdiction in the district court. Count V: The charge of first degree sexual assault which was reduced to second

degree sexual assault by the jury pursuant to a lesser included jury instruction is reversed.