SANDRA JEAN GRANT, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 11498

March 15, 1979                                   591 P.2d 1145

*Morgan D. Harris,* Public Defender, and *Robert B. Amundson,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Nikolas L. Mastrangelo,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This appeal is from an order which denied a pretrial habeas corpus challenge to the portion of an indictment charging that Sandra Jean Grant committed the crimes of (1) swindling (NRS 465.070), a felony; and, (2) conspiracy to swindle (NRS 199.480; and NRS 465.070), a gross misdemeanor. The offenses were alleged to have occurred June 24, 1977, in a scheme designed to defraud the Churchhill Downs Race and Sports Book in Las Vegas.

Grant contends we are compelled to reverse because there is no evidence in the transcript of the grand jury proceedings of when or on what date the alleged offenses might have occurred. Although we have consistently held that the evidence in support of an indictment need only be slight, it remains incumbent upon the prosecution to produce *some* evidence that supports the accusation. *See* Franklin v. State, 89 Nev. 382, 513 P.2d 1252 (1973).

Here, evidence of the date or dates of the alleged offenses would be essential in order to apprise appellant of the facts surrounding the alleged events. The absence of such evidence is fatal to the indictment. *See* Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972). *Cf.* Adler v. Sheriff, 92 Nev. 436, 552 P.2d 334 (1976). Accordingly, we reverse without prejudice to the right of the prosecuting attorney to initiate new charges within 15 days after remittitur issues. *Cf.* McGee v. Sheriff, 86 Nev. 421, 470 P.2d 132 (1970).