JERALD CLARENCE CUNNINGHAM, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 14945

July 3, 1984          683 P.2d 500

---

*Thomas E. Perkins,* State Public Defender, and *Laura Fitz-Simmons,* Deputy Public Defender, Carson City, for Appellant.

*Brian McKay,* Attorney General; *William A. Maddox,* District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Following a jury trial, appellant was convicted of one count each of sexual assault, attempted sexual assault and lewdness with a minor. On appeal from the judgment of conviction, appellant contends that the district court committed error at his

trial by permitting the introduction of a prior consistent statement made by the victim shortly before appellant's arrest. Appellant further contends that the information which had been filed against him prior to his trial in this matter failed to give him adequate notice of the charges against him. For the reasons set forth below, we disagree with both of these contentions, and we therefore affirm appellant's judgment of conviction.

At appellant's jury trial, the fourteen-year-old victim in this case testified that appellant, her stepfather, had committed or attempted to commit several acts of sexual abuse and lewdness on her person on numerous occasions since the time she was eight or nine years old. Apparently out of fear of the stepfather, the victim did not tell anyone of these incidents until she evenutally told her mother in November of 1982.

On cross-examination of the victim, defense counsel sought to impeach her credibility primarily by showing that the victim had been improperly influenced by her mother prior to trial. In this regard, defense counsel elicited testimony from the victim to the effect that shortly after the mother was informed of the sexual abuse incidents she told the victim that she wanted appellant to go to prison as a result of his actions. Defense counsel also elicited testimony from the victim to the effect that shortly after the victim informed her mother of the offenses, the mother told the victim, for the first time ever, that appellant was not her real father.

The defense also sought to impeach the victim's credibility by demonstrating that even prior to the acts in question the victim had been somewhat jealous of the attention the appellant had given to the victim's sister, and by eliciting testimony from the victim that she did not "feel good" about the fact that appellant paid more attention to the sister than to herself.

In an attempt to rehabilitate the victim's credibility against these attacks, the state called the mother to the stand to testify concerning the contents of the victim's statement to her in November of 1982, in which the victim advised the mother of appellant's conduct towards her. Appellant objected to the admission of this statement on hearsay grounds, but the trial court admitted the statement into evidence, apparently on the ground that it was admissible as a prior consistent statement pursuant to NRS 51.035(2)(b).[1] Appellant now contends that

---

[1]NRS 51.035(2)(b) provides that a statement is *not* hearsay if:

    2. The declarant testifies at the trial . . . and is subject to cross-examination concerning the statement, and the statement is:

the statement was erroneously introduced into evidence since at the time the victim made the statement she had a motive to fabricate in that she was jealous of appellant's attention to her sister as discussed above.

This court has interpreted NRS 51.035(2)(b) as requiring prior consistent statements to have been made at a time when there was no motive on the part of the declarant to fabricate. *See, e.g.,* Daly v. State 99 Nev. 564, 665 P.2d 798 (1983); Gibbons v. State, 97 Nev. 299, 629 P.2d 1196 (1981). The above requirement was originally imposed by this court because a prior consistent statement would have no rehabilitative value whatsoever if it was made at a time when there already existed the very motive to fabricate for which the rehabilitation was said to be needed. *See* Gibbons v. State, 97 Nev. at 301-02, 629 P.2d at 1197.

In this case, however, we are presented with a somewhat unique situation; here, the victim had two possible motivations to fabricate, one which arose *before* she made the prior consistent statement, and one which arose shortly *thereafter*. Defense counsel's attack on the victim's credibility related primarily to the charge of improper influencing which allegedly occurred *after* the prior consistent statement was made, and the state therefore was primarily in need of rehabilitating the victim's testimony from the latter charge.

Since NRS 51.035(2)(b) was designed to rebut charges of fabrication or imporper influencing arising *after* a prior consistent statement was made, the rationale or purpose behind the statute was clearly served by the introduction of the prior consistent statement in this case to rebut the latter charge of improper influencing; the fact that there was another motivation to fabricate, which happened to arise before the prior consistent statement had been made, does not diminish the rehabilitative value of the statement. As such, the district court did not err in admitting the statement.

Appellant next contends that the information which was filed against him in this matter was deficient since it did not allege the exact date of the commission of the present offenses,

. . . .

(b) Consistent with his testimony and offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive.

To the extent that the district court may have admitted the evidence on other grounds, we deem this to be of no importance to our holding in this case. *See generally* Hotel Rivera, Inc. v. Torres, 97 Nev. 399, 632 P.2d 1155 (1981) (where lower court's decision was otherwise correct, error will not be found despite the fact that court gave wrong reasons in support of its decision).

but instead simply alleged that one of the acts of which he was convicted occurred "on or about the calendar year of 1981," and that the other two acts occurred "on or about the calendar years of 1981 and 1982, but prior to November 15, 1982." We disagree.

■■■

Unless time is an essential element of the offense charged, there is no absolute requirement that the state allege the exact date, and the state may instead give the approximate date on which it believes the crime occurred. *See* Brown v. State, 81 Nev. 397, 404 P.2d 428 (1965); Martinez v. State, 77 Nev. 184, 360 P.2d 836 (1961); *see generally* 41 Am. Jur. 2d *Indictments and Informations* § 115 (1968). Time is clearly not an element of the offenses charged in the present case. *See* Martinez v. State, *supra* (time is not an element of the offense of rape); *see also* People v. Wrigley, 443 P.2d 580 (Cal. 1968) (time is not an essential element of the crime of committing lewd and lascivious acts upon a minor). As such, the state was not absolutely required to allege the exact date of the commission of the present offenses.

■■

This does not mean, however, that the state may fail to allege any date whatsoever in the information or the indictment, since such a failure would clearly deprive the defendant of adequate notice of the charge against him. *See* Grant v. Sheriff, 95 Nev. 211, 591 P.2d 1145 (1979); *see generally* Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972). Moreover, the state should, whenever possible, allege the exact date on which it believes a crime was committed, or as closely thereto as possible.

Cases such as the present one, however, pose special problems for the state in attempting to allege the exact date of the commission of the crime. Generally speaking, in a case involving a child victim, the child is often unable to indicate to the state with any precision the exact time of the commission of the offense. This problem is compounded in cases involving sexual abuse, since there are usually no witnesses to the offense other than the child. Additionally, in cases such as the present one which involve the sexual abuse of children by members of their own family, the children are often understandably reluctant to tell anyone of such occurrences, and often do not tell anyone until quite some time later. By that time, as here, the child is often unable to remember more than the general period in which the offense took place. Faced with such problems, it

clearly cannot be said that the state had an absolute obligation to draft an information with any more particularity than was done here. As noted by the Idaho Supreme Court:

> It would be a very weak rule of law that would permit a man to ravish a fifteen year old girl . . . and then say in effect: "You cannot convict me of this crime, as you did not guess the right date."

*See* State v. Rogers, 283 P. 44, 45 (Idaho 1929).

We have considered appellant's remaining contention and have found it to be without merit. Accordingly, appellant's judgment of conviction is hereby affirmed.