An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DEVELL MOORE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61343

FILED

MAY 1 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant claimed in his March 7, 2012, petition that his trial counsel was ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13-14189

by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

First, appellant claimed that his trial counsel had a conflict of interest and was ineffective because counsel worked for the public defender's office and was compensated for expenses at the beginning of the case rather than at the end. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. That counsel worked for the public defender's office was insufficient to demonstrate an actual conflict of interest and appellant provided no additional facts which would demonstrate that his counsel had divided loyalties. *See Clark v. State*, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992). Appellant failed to demonstrate it was unreasonable for counsel to receive expenses at the beginning of the case or a reasonable probability of a different outcome had counsel requested a different payment schedule for expenses. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that counsel failed to communicate with him regarding trial strategy and failed to investigate appellant's theory of the case. Appellant failed to demonstrate that he was prejudiced. As appellant confessed to committing the crimes, appellant failed to demonstrate a reasonable probability of a different outcome at trial had he and counsel had discussions regarding trial strategy. Appellant also failed to demonstrate what further investigation into his theory of the case would have revealed. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Therefore, the district court did not err in denying this claim.

Third, appellant claimed that counsel failed to interview the victim or the victim's mother prior to trial. Appellant failed to

demonstrate that his counsel's performance was deficient or that he was prejudiced. Counsel cross-examined the victim and the victim's mother at length during trial and appellant failed to demonstrate reasonable counsel would have needed further information from these witnesses for such questioning. Given appellant's confession, appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel obtained further information from the victim or the victim's mother before trial. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that counsel failed to seek a pretrial competency evaluation as appellant asserted he used antipsychotic medication during trial. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. That appellant used medication during trial was insufficient to demonstrate that he did not have the ability to consult with his attorney with a reasonable degree of rational understanding and that he did not have a factual understanding of the proceedings against him. *See Melchor-Gloria v. State*, 99 Nev. 174, 179-80, 660 P.2d 109, 113 (1983) (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960)). Appellant failed to demonstrate a reasonable probability of a different outcome had counsel sought a pretrial competency evaluation. Therefore, the district court did not err in denying this claim.

Fifth, appellant claimed that counsel failed to argue that the justice court did not have jurisdiction to consider this matter as it was a felony. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Appellant only appeared before the justice court before he waived the preliminary hearing and then all remaining proceedings were properly conducted in district court. *See* NRS 171.178(1), (4); NRS 171.196(1). Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel argued

no proceedings should have been conducted in the justice court. Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that counsel should have asserted the prior-bad-acts evidence was irrelevant, unduly prejudicial, and without sufficient proof. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Counsel objected to the admission of the prior bad acts, but the district court overruled the objection. Appellant failed to demonstrate a reasonable probability of a different outcome had counsel raised further objections as the district court conducted a pretrial hearing and concluded that (1) the prior bad acts were proven by clear and convincing evidence; (2) the prior bad acts were relevant to the crime charged and offered for a purpose other than proving the defendant's propensity; and (3) the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *See Bigpond v. State*, 128 Nev. ___, ___, 270 P.3d 1244, 1249-50 (2012). Therefore, the district court did not err in denying this claim.

Seventh, appellant claimed that his trial counsel failed to argue that he had not been convicted of the prior bad acts and failed to file meritorious pretrial motions. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. A conviction is not necessary for a prior bad act to be admissible at trial. *See Bostic v. State*, 104 Nev. 367, 371, 760 P.2d 1241, 1244 (1988). Appellant failed to demonstrate a reasonable probability of a different outcome had counsel raised further challenges to the admission of the prior-bad-act evidence or filed additional pretrial motions. Therefore, the district court did not err in denying this claim.

Eighth, appellant claimed that his counsel waived the preliminary hearing without appellant's consent. Appellant failed to

demonstrate that counsel waived the preliminary hearing without his consent. Appellant failed to demonstrate a reasonable probability of a different outcome had he proceeded to a preliminary hearing. Therefore, the district court did not err in denying this claim.

Ninth, appellant claimed that counsel failed to challenge a juror who expressed aversion towards sexual-assault allegations as she had a friend who had been sexually assaulted in a different country, but the government in that country had not prosecuted the assailant. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Counsel questioned the juror and the juror stated she could be fair. Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel taken further actions regarding this juror. Therefore, the district court did not err in denying this claim.

Tenth, appellant claimed that counsel failed to object to prosecutorial and judicial misconduct. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant failed to demonstrate that any of the challenged comments by the State were not supported by evidence. *Greene v. State*, 113 Nev. 157, 177, 931 P.2d 54, 66-67 (1997), *receded from on other grounds by Byford v. State*, 116 Nev. 215, 235, 994 P.2d 700, 713 (2000)). Further, appellant failed to identify any judicial misconduct, and therefore, failed to demonstrate he was entitled to relief for this claim. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel raised objections of this nature as appellant confessed. Therefore, the district court did not err in denying this claim.

Eleventh, appellant claimed that counsel was ineffective for failing to cross-examine the victim. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Counsel did cross-examine the victim. Given appellant's confession, appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel further questioned the victim. Therefore, the district court did not err in denying this claim.

Twelfth, appellant claimed that counsel failed to allow appellant to testify at trial. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant personally informed the district court that he had discussed testifying with counsel and had decided not to testify. Appellant failed to demonstrate a reasonable probability of a different outcome at trial had he testified as he confessed to the police. Therefore, the district court did not err in denying this claim.

Thirteenth, appellant claimed that counsel failed to object to the jury instruction regarding substantial bodily harm or argue there was insufficient evidence of substantial bodily harm. Appellant failed to demonstrate deficiency or prejudice as appellant was not charged with causing substantial bodily harm to the victim. Therefore, the district court did not err in denying this claim.

Fourteenth, appellant claimed that counsel was ineffective for failing to request instructions on assault, coercion, and sexual seduction. Appellant failed to demonstrate counsel's performance was deficient or that he was prejudiced. Appellant failed to demonstrate that reasonable counsel would have requested instructions regarding uncharged criminal conduct in this matter. Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel requested additional

instructions given the substantial evidence of his guilt for the charged crimes. Therefore, the district court did not err in denying this claim.

Fifteenth, appellant claimed that counsel failed to argue there was insufficient evidence for counts three and four. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Counsel argued that the victim had fabricated the allegations of sexual misconduct and appellant was acquitted of count four, lewdness with a child under the age of 14. Regarding count three, a charge of sexual assault with a minor under the age of 14, sufficient evidence was presented that appellant unlawfully performed oral sex upon the child victim given the victim's testimony, her statements to the authorities, and appellant's confession. *See Crowley v. State*, 120 Nev. 30, 35, 83 P.3d 282, 286 (2004). Appellant failed to demonstrate a reasonable probability of a different outcome had counsel made further arguments regarding the sufficiency of the evidence. Therefore, the district court did not err in denying this claim.

Sixteenth, appellant claimed that counsel failed to argue that appellant was charged with committing the sexual acts on the same day, but the victim testified that they occurred on different days. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant was charged with committing the sexual offenses between August 2008 and October 2008, not on only one day. Further, time and date are not essential elements of a sexual offense against a minor. *Cunningham v. State*, 100 Nev. 396, 400, 683 P.2d 500, 502 (1984). Appellant failed to demonstrate a reasonable probability of a different outcome had counsel objected to the victim's testimony regarding the timing of the sexual assaults. Therefore, the district court did not err in denying this claim.

Seventeenth, appellant claimed that counsel failed to seek dismissal of the sexual assault charges based upon the victim's testimony that appellant's penis did not completely penetrate her. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. The victim testified that appellant penetrated her, but that appellant was unable to go in the entire way. This was sufficient testimony to demonstrate that appellant committed sexual assault as penetration need only be slight. *See* NRS 200.364(4); NRS 200.366(1). Appellant failed to demonstrate a reasonable probability of a different outcome had counsel argued that the victim's testimony regarding penetration was insufficient to establish that appellant sexually assaulted her. Therefore, the district court did not err in denying this claim.

Eighteenth, appellant claimed that counsel was ineffective for instructing him to decline to talk with the Division of Parole and Probation as he faced additional charges in Colorado. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Appellant failed to demonstrate that advice from counsel regarding possible charges in Colorado was unreasonable. Appellant failed to demonstrate a reasonable probability of a different outcome had counsel not advised appellant to decline to talk with the division. Therefore, the district court did not err in denying this claim.

Nineteenth, appellant claimed that counsel was ineffective for failing to correct an error in the presentence investigation report (PSI), failing to argue consecutive sentences were illegal for this matter, failing to file a sentencing memorandum, and failing to submit mitigating evidence. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Appellant failed to identify any errors contained in the PSI. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225.

SUPREME COURT
OF
NEVADA

(O) 1947A

8

Moreover, it was within the district court's discretion to sentence appellant to consecutive terms, *see* NRS 176.035(1), and appellant failed to demonstrate that counsel was ineffective for failing to argue such a sentence was illegal. Appellant failed to demonstrate a reasonable probability of a different outcome at the sentencing hearing had counsel argued that the victim was not injured, appellant was a productive citizen, house arrest was more suitable than prison, appellant was cooperative, appellant was remorseful, appellant's confession was an attempt to receive counseling, concurrent sentences were warranted, or the police officer believed appellant was misguided and not a predator. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that his appellate counsel was ineffective. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

First, appellant claimed that his appellate counsel was ineffective for failing to raise the previous underlying claims on direct appeal. Appellant failed to demonstrate that appellate counsel's performance was deficient or that he was prejudiced. Appellant asserted that he requested counsel to raise the previous underlying claims on direct

appeal, but was told by appellate counsel that they were improper claims. Tactical decisions such as a decision to decline to raise certain arguments on direct appeal "are virtually unchallengeable absent extraordinary circumstances," *id.*, which appellant did not demonstrate. As discussed previously, appellant failed to demonstrate that the underlying claims had merit, and therefore, failed to demonstrate a reasonable likelihood of success had they been argued on direct appeal. Therefore, the district court did not err in denying these claims.

Second, appellant claimed that his appellate counsel was ineffective because his direct appeal was dismissed due to a jurisdictional error and the remittitur has not issued. Appellant failed to demonstrate either deficiency or prejudice because his direct appeal was not dismissed due to a jurisdictional error. This court considered appellant's claims on the merits and affirmed the judgment of conviction. *Moore v. State*, Docket No. 55527 (Order of Affirmance, June 8, 2011). The remittitur issued on July 5, 2011. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that the jury contained only Caucasians, the district court sentenced him after the start of appellate proceedings, he was improperly charged by criminal complaint and did not waive his right to a grand jury, Nevada sentences are longer than neighboring states, and NRS 200.364 and NRS 200.366 are unconstitutional. Appellant also claimed his sentence was unconstitutional because it violated the Equal Protection Clause, his due process rights were violated, it was a bill of attainder or of pains and penalties, it violated his right to confrontation, it was cruel and unusual punishment because it imposed excessive fines and penalties, and it violated his rights regarding privileges and immunities. These claims are

 

waived as they could have been raised in appellant's direct appeal, and appellant failed to demonstrate good cause for his failure to do so. *See* NRS 34.810(1)(b)(2); *Pellegrini v. State*, 117 Nev. 860, 884, 34 P.3d 519, 535 (2001). Therefore, the district court did not err in denying these claims.

Having concluded appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                                      Saitta

cc:    Hon. James M. Bixler, District Judge
       Devell Moore
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.