An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PAUL JOSEPH MCDONALD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65243

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of felon in possession of a firearm. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

On June 3, 2013, appellant Paul Joseph McDonald, a felon, was sleeping in a makeshift shack. Juan Gomez entered the shack and an argument ensued. At trial, some witnesses testified that Gomez had a firearm, whereas others testified that McDonald had a firearm. Gomez was shot and McDonald fled the scene. On August 1, 2013, McDonald was apprehended while sitting in the driver's seat of a vehicle. A firearm was discovered between the seat and the center console. McDonald was charged with attempted murder with the use of a deadly weapon, battery with a deadly weapon resulting in substantial bodily harm, discharging a firearm in a structure, (counts 1-3), and felon in possession of a firearm, (count 4). Pursuant to *Morales v. State*, 122 Nev. 966, 970, 143 P.3d 463, 465-66 (2006), the trial was bifurcated and count 4 was tried after the jury

rendered its decision on the other counts. McDonald was acquitted of counts 1-3 and was convicted of count 4.

First, McDonald contends that insufficient evidence supports his conviction. We disagree because, when viewed in the light most favorable to the State, the evidence was sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008); *see also Deveroux v. State*, 96 Nev. 388, 391, 610 P.2d 722, 724 (1980) ("[C]ircumstantial evidence alone may sustain a conviction."). Accordingly, we conclude that this claim lacks merit.

Second, McDonald contends that the district court abused its discretion by denying his motion to dismiss count 4 because the charging document did not provide adequate notice of the date he was alleged to have committed the crime. We review a district court's decision regarding a motion to dismiss for an abuse of discretion. *See Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008). "The indictment or the information must be a plain, concise and definite written statement of the essential facts constituting the offense charged." NRS 173.075(1). "Unless time is an essential element of the offense charged, there is no absolute requirement that the state allege the exact date, and the state may instead give the approximate date on which it believes the crime occurred." *Cunningham v. State*, 100 Nev. 396, 400, 683 P.2d 500, 502 (1984). Here, the charging document alleged that McDonald possessed a firearm between June 3 (the date Gomez was shot) and August 1 (the date he was apprehended).

McDonald concedes that he understood these dates "as potential dates for asserting that [he] violated NRS 202.360." We conclude that the charging document provided sufficient notice to enable McDonald to defend against the charges and that the district court did not abuse its discretion by denying his motion to dismiss. *See Simpson v. Eighth Judicial Dist. Court*, 88 Nev. 654, 660, 503 P.2d 1225, 1229-30 (1972).

Third, McDonald contends that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to obtain the results of a DNA test conducted on the firearm discovered in the vehicle. Relatedly, McDonald contends that the district court erred by forcing him to choose between the DNA test results and his right to a speedy trial. We conclude that no relief is warranted because McDonald fails to (a) demonstrate that the State withheld favorable evidence in its possession, *see Mazzan v. Warden*, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000), (b) explain how he was inappropriately forced to choose between his rights, or (c) establish that he was prejudiced by the district court's actions.

Fourth, McDonald contends that the prosecutor committed misconduct by arguing that the jury could consider the evidence presented during the first phase of trial when determining whether he was guilty of count 4. When considering allegations of prosecutorial misconduct, we first determine whether the prosecutor's conduct was improper and then consider whether the improper conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). We conclude that

this claim lacks merit. The State followed the procedure approved of in *Morales* and its argument did not constitute misconduct.

Fifth, McDonald contends that the prosecutor committed misconduct by arguing that he was guilty of possessing a firearm even if he took it from Gomez in self-defense. Because McDonald did not object, we review for plain error. *Id.* at 1190, 196 P.3d at 477. Even assuming that self-defense is a defense to felon in possession of a firearm, McDonald fails to demonstrate plain error because the prosecutor simply argued that he was guilty of possessing a firearm on August 1 even if he acted in self-defense on June 3.

Sixth, McDonald contends that the district court erred by admitting his statements that he would speak with detectives so long as the conversation was not recorded because they were more prejudicial than probative and unfairly commented on his right to remain silent. We review a district court's decision to admit evidence for an abuse of discretion. *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). We disagree with McDonald's assertion that admission of these statements, and the prosecutor's argument regarding these statements, was a comment on his right to remain silent. *See Deutscher v. State*, 95 Nev. 669, 682, 601 P.2d 407, 416 (1979) ("The established test is whether the language was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to respond." (internal alteration and quotation marks omitted)). We also disagree that these statements implied that "not

only is [McDonald] a felon but that he has been to prison previously." Even assuming that these statements had no probative value, we conclude that any error in admitting the statements was harmless because McDonald was acquitted of counts 1-3 and substantial evidence was presented to support count 4.

Seventh, McDonald contends that cumulative error entitles him to relief. Having considered the appropriate factors, *see Valdez*, 124 Nev. at 1195, 196 P.3d at 481, we conclude that no relief is warranted. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, C.J.
Gibbons

_____, J.        _____, J.
Pickering                                     Saitta

---

[1]McDonald's appendix fails to comply with NRAP 30(b) because it contains numerous documents which are "not essential to the decision of issues presented by the appeal." *See* NRAP 3C(e)(2)(c) (requiring appendix to comply with the provisions of NRAP 30). For example, the appendix contains over 500 pages of documents which merely explain the qualifications of the State's potential experts. We remind counsel for McDonald that brevity in the appendix is required and "the court may impose costs upon parties or attorneys who unnecessarily enlarge the appendix." NRAP 30(b).

cc: Hon. Elissa F. Cadish, District Judge
Law Offices of Martin Hart, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A