An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA, Appellant, vs. JEFFEREY DAVID VOLOSIN, Respondent. | No. 64082 |

**FILED**

FEB 0 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a criminal information. First Judicial District Court, Carson City; James E. Wilson, Judge.

In this appeal, we consider whether the information filed in this case stated the timeframe of alleged incidents of abuse with sufficient specificity to comport with the requirements for notice to defendants under the Sixth Amendment, the Fourteenth Amendment, and NRS 173.075. Given the lack of diligent efforts by the State to ascertain more certain dates, we conclude that the information's timeframe was insufficiently definite. We also conclude that the district court did not abuse its discretion by dismissing the remaining counts for charging multiple offenses in the same count. Accordingly, we affirm the district court's order dismissing the information.

Sisters T.C. and S.C. reported to the South Lake Tahoe Police Department that respondent Jeffery Volosin sexually abused them. T.C. alleged that she was abused from age six to age fifteen, while S.C. reported that she was abused from age seven to age nine, when she moved out to live with her biological father. The detective investigating the

15-03516

allegations forwarded his report to the Carson City Sheriff's Department. Without further investigation, the State filed an information alleging that Volosin had committed ten counts of sexual assault with a child under age fourteen and two counts of lewdness with a child under age fourteen.

The district court dismissed the information on the grounds that the charges did not allege the dates with enough specificity to give Volosin adequate notice and that a number of the counts alleged multiple offenses within a single count. The district court allowed the State to amend the information to cure the defects. After the State failed to file an amended information, the district court dismissed the information.

## DISCUSSION

On appeal, the State argues that the district court abused its discretion by (1) dismissing the information for failing to allege timeframes as close to the exact dates as possible, (2) dismissing counts six through twelve for alleging multiple offenses in each count, and (3) dismissing the State's case after the State failed to timely file an amended information.

This Court reviews a district court's dismissal of a charging document for abuse of discretion. *Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008). However, "we review de novo whether the charging document complied with constitutional requirements." *West v. State*, 119 Nev. 410, 419, 75 P.3d 808, 814 (2003).

*The district court did not abuse its discretion by dismissing the information for failing to allege timeframes as close to the exact dates as possible*

The State argues that the district court abused its discretion by dismissing the information on the basis that it violated Volosin's due process rights because the State could have alleged narrower timeframes

in Counts I to V and IX and failed to demonstrate that the timeframes in the remaining counts were as close to an exact date as possible.

The Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." The Fourteenth Amendment prohibits the State from depriving a person of "life, liberty, or property, without due process of law." Accordingly, the United States Supreme Court has held:

> The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defen[s]e, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had . . . . A crime is made up of acts and intent; and these must be set forth in the indictment, *with reasonable particularity of time, place, and circumstances.*

*United States v. Cruikshank*, 92 U.S. 542, 558 (1875) (emphasis added). Additionally, NRS 173.075 requires that an indictment or information contain "a plain, concise and definite written statement of the essential facts" of the charged offense.

In *Cunningham v. State*, this court addressed a similar issue to the one in the present case. 100 Nev. 396, 683 P.2d 500 (1984). In *Cunningham*, the State filed a criminal information that alleged that the defendant sexually assaulted a fourteen-year-old girl "on or about the calendar year of 1981," and on two other occasions "on or about the calendar years of 1981 and 1982, but prior to November 15, 1982." 100 Nev. at 400, 683 P.2d at 502 (internal quotation marks omitted). This

court rejected the defendant's argument that the information was deficient because it did not allege the exact date of the offense. *Id.* This court noted that the State may give an approximate date on which it believes a crime occurred when, as here, time is not an essential element of the offense. *Id.*

This court noted that cases involving child victims "pose special problems for the state in attempting to allege the exact date of the commission of the crime," because the child victim often lacks the ability to recall with any precision exact dates of offenses. *Id.* This is especially problematic in sexual abuse cases because there are usually no witnesses other than the victim and the assailant. *Id.* In the case of sexual abuse by family members, such problems are compounded by the child victim's reluctance to tell anyone until long after the abuse occurred. *Id.* This court cited the Idaho Supreme Court in concluding that the State did not have an absolute obligation to allege the dates with any greater particularity:

> It would be a very weak rule of law that would permit a man to ravish a fifteen year old girl . . . and then say in effect: "You cannot convict me of this crime, as you did not guess the right date."

*Id.* at 400-01, 683 P.2d at 502 (quoting *State v. Rogers*, 283 P. 44, 45 (Idaho 1929)).

Still, failure to allege any date whatsoever "would clearly deprive the defendant of adequate notice of the charge against him," thus "the state should, whenever possible, allege the exact date on which it believes a crime was committed, or as closely thereto as possible." *Id.* Therefore, *Cunningham* explores how the State's obligation to provide defendants with a sufficiently detailed charging document may come into

tension with pursuing sex abuse cases where certain important details simply are not available.[1]

A number of jurisdictions have approached this tension in different ways. *See State v. Baldonado*, 955 P.2d 214, 219-20 (N.M. Ct. App. 1998) (surveying the approaches taken by various jurisdictions). Some have simply concluded that because time is not an element of the offense, the state is not required to address the timeframe in the indictment. *See, e.g., Dilbeck v. State*, 594 So. 2d 168, 174 (Ala. Crim. App. 1991). This approach ignores the constitutional notice dimension outlined in *Cunningham*, and thus such cases are inconsistent with this Court's jurisprudence. *See Cunningham*, 100 Nev. at 400, 683 P.3d at 502 (noting

---

[1]The State relies on two other cases where this court has addressed the sufficiency of evidence supporting a conviction in light of a child victim's inability to recall the exact instances of abuse. *Rose v. State*, 123 Nev. 194, 163 P.3d 408 (2007); *LaPierre v. State*, 108 Nev. 528, 836 P.2d 56 (1992). These cases are inapposite, however, because they each involve the question of sufficiency of the evidence to support a conviction, which does not involve the constitutional issue of notice to the defendant.

The State also cites an unpublished disposition in a case where this court upheld a jury conviction with a criminal information very similar to the one in this case. *Caron v. State*, No. 58792, 2012 WL 5992095 (Order of Affirmance, Nov. 29, 2012). This is problematic for two reasons: First, SCR 123(1) provides that an unpublished order shall not be cited as legal authority except when the order is relevant under the doctrines of law of the case, res judicata, or collateral estoppel. The State recites this rule before proceeding to discuss *Caron*, but fails to explain how any of those exceptions apply. Second, even as persuasive authority, the case is inapposite, as the sufficiency of the criminal information was not addressed in the unpublished order. Accordingly, we disregard the State's citations to *Caron*.

that the State should allege the timeframe with specificity to the extent possible).

Other jurisdictions note that time is not an element of the offense and allow the State to avoid any notice-related issues through full discovery. *See, e.g., State v. Wilcox*, 808 P.2d 1028, 1033 (Utah 1991). In *Wilcox*, the Utah Supreme Court held that the lack of a specific timeframe "goes not to the constitutional adequacy of the notice, but to the credibility of the State's case." *Id.* Again, this approach does not appear to sufficiently address the problem of adequate notice. Additionally, such an approach may discourage effective investigation. The present case serves as such an example. The entire investigation was performed by a California detective investigating crimes that occurred in his jurisdiction. Any crimes that occurred in Carson City were not the focus of the California investigation. The report arising from the California investigation was forwarded to the Carson City Sheriff's Department, but the Carson City District Attorney appears to have filed the information without performing any independent investigation.

The most persuasive approach is to review whether an indictment is reasonably particular with respect to the time of the offense on a case-by-case basis. *See, e.g., Baldonado*, 955 P.2d at 220; *Erickson v. People*, 951 P.2d 919, 925 (Colo. 1998); *State v. Mulkey*, 560 A.2d 24, 30 (Md. 1989); *State v. Martinez*, 541 N.W.2d 406, 414 (Neb. Ct. App. 1995), *aff'd*, 550 N.W.2d 655, 658-59 (Neb. 1996); *In re K.A.W.*, 515 A.2d 1217, 1222-23 (N.J. 1986); *People v. Morris*, 461 N.E.2d 1256, 1260-61 (N.Y.

1984); *State v. Fawcett*, 426 N.W.2d 91, 94-95 (Wis. Ct. App. 1988).[2] Such an approach is consistent with our decision in *Cunningham*, where we held that although sex abuse cases present special challenges, "the state should, whenever possible, allege the exact date on which it believes a crime was committed, or as closely thereto as possible." *Cunningham*, 100 Nev. at 400, 683 P.2d at 502. Based on an individualized inquiry as to the reasonableness of the timeframes alleged in the State's information, we conclude that the State failed to allege the dates of abuse with sufficient specificity.

Of particular note in this case is the glaring absence of an investigation into the abuse allegations by the State. In *Fawcett*, the Wisconsin Court of Appeals noted that when considering the reasonableness of timeframes alleged, it is useful to ask whether "the

---

[2] In particular, *Fawcett* lays out seven nonexhaustive factors to determine on a case-by-case basis whether the information or indictment is too vague to satisfy the Sixth Amendment's notice requirement:

> (1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to have been discovered immediately; (4) the length of the alleged period of time in relation to the number of individual criminal acts alleged; (5) the passage of time between the alleged period for the crime and the defendant's arrest; (6) the duration between the date of the indictment and the alleged offense; and (7) the ability of the victim or complaining witness to particularize the date and time of the alleged transaction or offense.

426 N.W.2d at 95.

SUPREME COURT
OF
NEVADA

(O) 1947A

prosecutor is able but has failed to obtain more specific information due to a lack of diligent investigatory efforts." 426 N.W.2d at 94-95 n.2 (citing *Morris*, 461 N.E.2d at 1260).[3] In the present case, the district court held a hearing to determine whether the State could have indicated the timeframe with more particularity. In that hearing, the State argued that it was not required to do so, and brought no evidence of any investigation beyond the report it received from the California investigation. The hearing demonstrated that the State made *no* additional effort to investigate the crimes. Indeed the State appears to have failed to even interview the victims who were, at that point, eighteen and fifteen years old, and presumably more capable of conveying useful information than younger victims would be.[4]

---

[3]In rejecting the *Fawcett* defendant's writ of habeas corpus, the Seventh Circuit adopted a more objective approach, instead asking whether the charge "contains the elements of the crime, permits the accused to plead and prepare a defense, and allows the disposition to be used as a bar in a subsequent prosecution." *Fawcett v. Bablitch*, 962 F.2d 617, 618 (7th Cir. 1992) (citing *Hamling v. U.S.*, 418 U.S. 87, 117 (1974)). Because this case was a post-conviction habeas review, it appears to set a lower bar than most state courts that have addressed this issue. *See id.* at 619 ("Federal courts engaged in collateral review of state judgments do not superintend the 'reasonableness' of prosecutors" conduct or state judges' decisions.").

[4]The State argues that further interviews of the child victims would have compromised the victims' competency to testify, citing *Felix v. State*, 109 Nev. 151, 173, 849 P.2d 220, 235 (1993), *superseded on other grounds by statute as stated in Evans v. State*, 117 Nev. 609, 625, 28 P.3d 498, 509-10 (2001)). *Felix* involved the testimony of two children testifying about allegations of abuse that occurred a number of years earlier. *Felix*, 109 Nev. at 156-57, 849 P.2d at 224-25. We held that district courts must evaluate a child's competency to testify on a case-by-case basis, and listed a number of factors to consider. *Id.* at 173, 849 P.2d at 235. According to

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

We conclude that the district court correctly held that the State's charging document must allege sufficiently precise timeframes to provide adequate notice to defendants. Further, giving deference to the district court's factual findings, we conclude that the district court did not abuse its discretion by dismissing the present information for failing to allege the timeframes as specifically as possible. *Cunningham*, 100 Nev. at 400, 683 P.2d at 502; *Fawcett*, 426 N.W.2d at 94-95 n.2.

*The district court did not abuse its discretion by dismissing the remaining counts*

The State argues that the district court abused its discretion by dismissing Counts VI to XII, which according to the district court "violate the requirement that different offenses be charged in different counts."

Although there is a great deal of case law from other jurisdictions dealing with the issue of duplicity in the context of long-term sexual abuse, the only authorities mentioned in the briefs are NRS 173.115, which allows the State to charge multiple counts in the same indictment or information, and the State's unhelpful reliance on a single,

---

*...continued*

the State, it did not conduct further interviews of T.C. and S.C. in order to avoid tainting their testimony through apparent coaching. T.C. reported abuse that had been ongoing from age six until just eight days prior to contacting South Lake Tahoe Police Department when she was fifteen years old. S.C. made her statement to the California authorities when she was eighteen years old. Accordingly, the issues of child testimony raised by *Felix* are inapplicable here. Furthermore, reliance on *Felix* does not explain why the State was unable to make other efforts to narrow the date range besides further interviews of the victims.

inapposite case.[5] Accordingly, we affirm the district court's decision on the sole basis that the State's argument is not adequately argued or supported. *See Maresca v. State,* 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (noting that this court need not consider allegations of error not cogently argued or supported by any pertinent legal authority).

*The district court did not abuse its discretion by dismissing the State's case after the State failed to timely file an amended information*

The State argues that the district court improperly restricted the State's prosecutorial discretion by giving the State the opportunity to amend the information. The State mischaracterizes the district court as having ordered it to file a proposed amended information for the court's approval. The district court clearly stated that if the State wanted to avoid dismissal, the State had the *option* to file an amended information. The district court's order did not mention anything about submitting a proposed amended information. Rather, the district court dismissed the original information and stated that justice required that the State be allowed to amend the defective information or face dismissal. We conclude, therefore, that this argument lacks merit.

Accordingly, we

---

[5]The State cites *Wilson v. State,* 121 Nev. 345, 114 P.3d 285 (2005), to support its argument that each and every act does not necessarily need to be charged as a separate count. The State's reliance on *Wilson* is unhelpful, however, as *Wilson* found that a single act of using a minor in the production of pornography could only be charged once when four photographs were taken in the course of that single act. *Id.* at 358, 114 P.3d at 294. Conversely, this case involves repeated sexual assaults, each of which does form a separate offense.

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:     Hon. James E. Wilson, District Judge
        Attorney General/Carson City
        Carson City District Attorney
        State Public Defender/Carson City
        Carson City Clerk