**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLIE MUNA CABRERA,
Appellant,

vs.

THE STATE OF NEVADA,
Respondent.

No. 67759

**FILED**

NOV 1 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from an order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant filed his petition on December 19, 2014, three years after entry of the judgment of conviction on September 14, 2011. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive to the extent that he raised claims previously litigated in his first postconviction petition for a writ of habeas corpus, *see Cabrera v. State*, Docket No. 61114 (Order of Affirmance, April 10, 2013), and the petition was an abuse of the writ to the extent that he raised new and different claims for relief. *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

Appellant first claimed that he had good cause because he was not appointed counsel for the first postconviction proceedings. This did

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

15-34504

not provide good cause as the appointment of postconviction counsel was discretionary. *See* NRS 34.750(1).

Appellant next claimed that he had good cause because the State did not respond to his claim that he was deprived of a direct appeal due to the ineffective assistance of counsel and that his trial counsel's failure to file a direct appeal after being requested to do so was abandonment constituting good cause. This claim did not provide good cause because a claim of ineffective assistance of counsel may only provide good cause where the ineffective-assistance claim itself is not procedurally barred, and appellant's claim was reasonably available to appellant to raise in his first postconviction petition. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

Appellant next claimed that he had good cause because he had received new information about conditions in prison, life expectancy, and a regulation prohibiting clemency for certain offenders. This claim did not provide good cause because it does not establish an impediment external to the defense and the new information did not provide a basis for litigating a late, successive petition challenging the validity of the guilty plea. *See id.*

Next, appellant claimed that he had good cause because the district court judge had not posted a bond before assuming her office. Appellant failed to demonstrate that the judge was not qualified to serve or that this argument provided good cause for his late and successive petition. *See id.*

Finally, appellant appeared to claim that the decision in *State v. Volosin*, Docket No. 64082 (Order of Affirmance, February 2, 2015), provided good cause. This decision would not provide good cause as it was

unpublished and no exception applies in this case, *see* SCR 123, and the decision in *Volosin* relied upon this court's decision in *Cunningham v. State*, 100 Nev. 396, 683 P.2d 500 (1984), which is not new law. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc:    Hon. Jessie Elizabeth Walsh, District Judge
Charlie Cabrera
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in pro se to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.