# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 108

APRIL TERM, A.D. 2025

October 3, 2025

RYAN DALE TOWNSEND,

Appellant
(Defendant),

v.                                                    S-25-0014

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Kerri M. Johnson, Judge*

*Representing Appellant:*
Office of the State Public Defender: Brandon T. Booth, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel. Argument by Mr. Morgan.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Branden Blaylock, Assistant Attorney General; Donovan Burton, Assistant Attorney General. Argument by Mr. Burton.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, and JAROSH, JJ., and MCGRADY, D.J.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Ryan Dale Townsend was charged with two counts of second-degree sexual abuse of a minor (Counts I and II) and one count of third-degree sexual abuse of a minor (Count III).  A jury found him not guilty on Counts I and II, but guilty on Count III.  Mr. Townsend appeals, arguing the jury was not properly instructed as to the conduct forming the basis of Count III.  We affirm.

## *ISSUE*

[¶2]    Mr. Townsend identifies a single issue in his brief.  We rephrase that issue as two:

> 1.    Did Mr. Townsend waive the argument that the district court plainly erred when it did not instruct the jury that third-degree sexual abuse of a minor excludes conduct that would qualify for first- and second-degree sexual abuse of a minor?
>
> 2.    Did the district court commit plain error by failing to specify the conduct alleged to constitute sexual abuse of a minor in the third degree in the jury instructions?

## *FACTS*

[¶3]    KD reported to her father that Mr. Townsend, a neighbor and family friend, had raped her friend, VL.  The State charged Mr. Townsend with two counts of sexual abuse of a minor in the second degree, and one count of sexual abuse of a minor in the third degree.  Mr. Townsend pled not guilty, and a jury trial ensued.

[¶4]    At trial, VL testified to the events giving rise to the charges.  In April 2023, she was 15 years old and lived in Casper, Wyoming.  KD was her best friend, and they spent a lot of time together.  VL did not know Mr. Townsend very well, but at his invitation, on April 23, 2023, VL and KD went to his home to use his CBD pen.  Mr. Townsend lived in a trailer next door to KD and her family.  After they used the pen, VL and KD went back to KD's house, where they ate dinner and watched TikTok.  Mr. Townsend texted KD, and she and VL returned to his trailer around midnight.  KD and VL used the CBD pen again, this time taking more hits than they had earlier in the evening.  After using the pen, VL felt numb and could not move her legs or speak.  KD returned home to use the bathroom, leaving VL alone with Mr. Townsend.  After KD left, Mr. Townsend turned off the light, placed his hand on VL's thigh, and began kissing her neck and lips.  She tried to "fight back" and "push him off," but he pushed her down and removed her clothes and his pants.  Mr. Townsend spread VL's legs and penetrated her vagina with his penis.  After about ten minutes, Mr. Townsend turned her onto her stomach and began penetrating her anally.  VL

1

was able to push him off and was again lying on her back when he again inserted his penis into her vagina. Mr. Townsend then masturbated onto her chest. When he was finished, VL wiped herself off with a rag, put her clothes on, and went back to KD's house. VL told KD what had happened and asked KD not to tell anyone.

[¶5] KD's account of the events leading up to the time of her departure from Mr. Townsend's trailer was consistent with VL's testimony. Additionally, she testified that when VL returned to her house, she was crying and appeared "kind of pale." According to KD, VL told her she had been raped. The two discussed how they were going to handle the situation and then went to sleep. About a month later, Mr. Townsend told KD's parents that KD had been sneaking out. When her parents confronted her about sneaking out, KD told them about VL's disclosure of being sexually assaulted by Mr. Townsend.

[¶6] During their investigation, police collected samples for DNA testing. Mr. Townsend's DNA was not found on VL's bra, and VL's DNA was not found on sheets located on Mr. Townsend's bed. Mr. Townsend introduced evidence indicating that VL had deleted a significant amount of data from her phone shortly before she turned it over to the police during their investigation. Mr. Townsend did not testify at trial, but his police interview was played to the jury. He admitted KD and VL had been at his place, and he allowed them to use his CBD pen, but he denied anything sexual had occurred. Mr. Townsend's roommate testified that KD and VL had been at the trailer early in the evening but had not returned later that night.

[¶7] After an "informal" jury instruction conference that was not transcribed, the district court gave instructions to the jury. Relevant here, Jury Instruction 18 stated:

The elements of the crime of Sexual Abuse of a Minor in the Third Degree, as charged in Count III in this case are:

1. On or about the 20th through the 24th day of April 2023.

2. In Natrona County, Wyoming;

3. The Defendant, Ryan Dale Townsend

4. Who was at least seventeen (17) years of age or older,

5. Knowingly took immodest, immoral, or indecent liberties with V.L.; and

2

6. V.L. was less than seventeen (17) years of age at the time of the liberties; and

7. V.L. was at least four (4) years younger than the defendant.

If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

Instruction 19 read:

You are instructed that there is no specific definition for the phrase "immodest, immoral, or indecent liberties." Rather the phrase, "immodest, immoral, or indecent liberties" is defined generally as an action that the common sense of society would regard as indecent and improper.

In determining whether such conduct, if any, is immodest, immoral or indecent, you should consider the totality of the circumstances relating to the alleged actions of the defendant.

Finally, Instruction 20 explained:

You are instructed that the crime of indecent liberties generally involves sexually related or themed conduct. The conduct of the Defendant in providing CBD pens or vapes or allowing minors to use a CBD pen or vape is not indecent liberties as contemplated in Count III.

[¶8] Following the instruction conference, there was a colloquy on the record between defense counsel and the court summarizing what had occurred at the off-record instruction conference with regard to Instruction 20:

[MR. TOWNSEND'S COUNSEL]: Instruction Number 20. We talked about it at informal conference, but I agree to this instruction; and I agree that it shouldn't be overly

complicated. The Court had proposed perhaps putting some other words in there, and I think she deferred to my decision that we should keep it simple, and I approve of this instruction.

THE COURT: And for the record, the discussion that we had in chambers was whether or not we needed to specifically exclude conduct that's alleged in Counts One and Two in this instruction. And after discussion, [counsel for the Defendant and the State] specifically requested that I not exclude the allegations or the conduct alleged in Counts One or Two from this instruction.

[¶9]  The jury returned a verdict finding Mr. Townsend not guilty of Counts I and II, but guilty of Count III.

### DISCUSSION

[¶10]  Mr. Townsend asserts the district court committed plain error in two respects when instructing the jury on the law of third-degree sexual abuse of a minor. He first contends the district court should have instructed the jury that third-degree sexual abuse of a minor cannot be predicated on acts that would qualify for first- or second-degree sexual abuse of a minor. He next argues that the court was required to give an element instruction that included the factual basis for the charge. We address each argument in turn.

I.      *Did Mr. Townsend waive the argument that the district court plainly erred when it did not instruct the jury that third-degree sexual abuse of a minor excludes conduct that would qualify for first- and second-degree sexual abuse of a minor?*

[¶11]  Count III charged Mr. Townsend with third-degree sexual abuse of a minor for violating Wyo. Stat. Ann. § 6-2-316(a)(iv), which prohibits knowingly taking "immodest, immoral or indecent liberties" with a minor. Wyo. Stat. Ann. § 6-2-316(a) defines third-degree sexual abuse of a minor to specifically exclude acts that would constitute "sexual abuse of a minor in the first or second degree." Wyo. Stat. Ann. § 6-2-316(a).[1]  Relevant

---

[1] Wyo. Stat. Ann. § 6-2-316(a) reads:
>       (a)      **Except under circumstance constituting sexual abuse of a minor in the first or second degree as defined by W.S. 6-2-314 and 6-2-315**, an actor commits the crime of sexual abuse of a minor in the third degree if:
>               (i)      Being seventeen (17) years of age or older, the actor engages in sexual contact with a victim who is thirteen (13) through fifteen (15) years of age, and the victim is at least four (4) years younger than the actor;

4

to this case, sexual abuse of a minor in the second degree prohibits "sexual intrusion" on a minor victim. Wyo. Stat. Ann. §§ 6-2-314(a) & 6-2-315(a). The jury could not base its Count III guilty verdict on acts of intrusion.

[¶12] Mr. Townsend contends that without an instruction excluding first- or second-degree acts, the jury could have relied on evidence of vaginal and anal intrusion to reach its guilty verdict for sexual abuse of a minor in the third degree, a result prohibited by the statute. The State counters that Mr. Townsend invited the error when he requested that Instruction 20 not exclude the conduct forming the basis for the second-degree charges.

[¶13] The invited error doctrine "prohibits a party from raising . . . alleged trial court errors [on appeal] induced by that party's actions." *Toth v. State*, 2015 WY 86A, ¶ 45, 353 P.3d 696, 710 (Wyo. 2015) (quoting *McIntosh v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2013 WY 135, ¶ 54, 311 P.3d 608, 621 (Wyo. 2013)). Invited error applies when a party affirmatively waives a right or objection. *Id.* (citation omitted).

> As explained by the Supreme Court in *United States v. Olano*:
>
> > Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake.
>
> *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993) (citations omitted). A party

---

(ii) Being twenty (20) years of age or older, the actor engages in sexual intrusion with a victim who is either sixteen (16) or seventeen (17) years of age, and the victim is at least four (4) years younger than the actor, and the actor occupies a position of authority in relation to the victim;
(iii) Being less than sixteen (16) years of age, the actor inflicts sexual intrusion on a victim who is less than thirteen (13) years of age, and the victim is at least three (3) years younger than the actor; or
**(iv) Being seventeen (17) years of age or older, the actor knowingly takes immodest, immoral or indecent liberties with a victim who is less than seventeen (17) years of age and the victim is at least four (4) years younger than the actor.**
Wyo. Stat. Ann. § 6-2-316(a) (LexisNexis 2025) (emphasis added).

> waives a right when he "knowingly and intelligently relinquishe[s]" it, rather than "merely fail[s] to preserve" it. *Toth*, ¶ 45, 353 P.3d at 710 (quoting *United States v. Cornelius*, 696 F.3d 1307, 1319 (10th Cir. 2012)).

*Jackson v. State*, 2019 WY 81, ¶ 9, 445 P.3d 983, 987 (Wyo. 2019). "A defendant who waives his right to specific jury instructions or a verdict form will be denied review under the invited error doctrine." *Id.* ¶¶ 10–11, 445 P.3d at 987–88 (where "Mr. Jackson knew the basis for his [appellate argument regarding allegedly erroneous jury instructions] and offered revisions that were accepted and knowingly allowed matters to proceed" invited error precluded our review of jury instructions); *see also Mackley v. State*, 2021 WY 33, ¶ 13, 481 P.3d 639, 643 (Wyo. 2021).

[¶14]   Here, the record demonstrates Mr. Townsend knew the basis for his current claims and requested the matter proceed without amendment to the instructions. The district court raised the question of whether conduct alleged in Counts I and II (both charges of second-degree sexual abuse) should be excluded from Count III (third-degree sexual abuse) in Instruction 20. Defense counsel specifically requested that language excluding conduct that would constitute second-degree sexual abuse as a basis for third-degree sexual abuse be omitted from Instruction 20. Because Mr. Townsend knowingly induced the alleged error, he affirmatively waived the issue. The invited error doctrine applies. We decline to address the question of whether the jury should have been instructed that third-degree sexual abuse of a minor excludes the conduct forming the basis for the second-degree sexual abuse charges.

## II.     *Did the district court commit plain error by failing to specify the conduct alleged to constitute sexual abuse of a minor in the third degree in the jury instructions?*

[¶15]   Mr. Townsend argues the trial court plainly erred when it failed to instruct the jury on the factual basis for third-degree sexual abuse of a minor. Mr. Townsend did not raise this issue below. When a party does not object to a jury instruction at trial, we review that instruction for plain error. *Walker v. State*, 2022 WY 158, ¶ 17, 521 P.3d 967, 976 (Wyo. 2022). To establish plain error, an appellant must establish first, the record clearly presents the incident alleged to be error; second, "a clear and unequivocal rule of law was violated in a clear and obvious, not merely arguable, way"; and third, "he was denied a substantial right resulting in material prejudice against him." *Id.* (quoting *Leyva v. State*, 2005 WY 22, ¶ 9, 106 P.3d 873, 876 (Wyo. 2005)).

[¶16]   Our plain error review of jury instructions is well-established.

> We have said repeatedly, "the test of adequate jury instructions is whether [the jury instructions] leave no doubt as to the circumstances under which the crime can be found to have

been committed." *Blevins* [*v. State*, 2017 WY 43], ¶ 26, 393 P.3d [1249,] 1255 [(Wyo. 2017)] (citations and internal quotation marks omitted). The jury instructions, as a whole, must "correctly state the law and adequately cover the relevant issues." *Id.* If the instructions are adequate, we need not look to the context of the trial to determine whether the jury was misled or confused in reaching a unanimous verdict. In other words, we must first determine whether the jury instructions, as a whole, were adequate. If so, we affirm. If not, we recognize the error and continue to determine whether the defendant was prejudiced after considering the record as a whole.

*Walker*, ¶ 39, 521 P.3d at 980.

[¶17] Mr. Townsend has established the first plain error requirement. The record clearly presents the alleged error because Jury Instructions 18, 19, and 20 appear in the record. Mr. Townsend has not satisfied the second prong of plain error review, as he has failed to show that the district court violated a clear and unequivocal rule of law. *Walker*, ¶ 22, 521 P.3d at 977.

[¶18] Mr. Townsend relies upon *Cercy v. State* to support his argument that the jury should have been instructed as to the State's factual basis for the third-degree sexual abuse charge. In *Cercy*, Mr. Cercy was charged with first-degree sexual assault, second-degree sexual assault, and third-degree sexual assault. *Cercy v. State*, 2019 WY 131, ¶ 6, 455 P.3d 678, 681–82 (Wyo. 2019). After a trial, the jury found Mr. Cercy not guilty of first- and second-degree sexual assault but could not reach a verdict on third-degree sexual assault. *Id.* ¶ 7, 455 P.3d at 682. The State re-tried Mr. Cercy for third-degree sexual assault, and the second jury returned a guilty verdict. *Id.* ¶¶ 8–9, 455 P.3d at 682. Mr. Cercy appealed, arguing his second trial violated the prohibition against double jeopardy and the jury was not properly instructed on the law applicable to third-degree sexual assault. Cunnilingus was an element of the first- and second-degree sexual assault charges of which Mr. Cercy had been found not guilty. Nevertheless, evidence of cunnilingus was introduced at the second trial. Mr. Cercy requested several instructions indicating the jury could not convict him of third-degree sexual assault based on a finding he committed cunnilingus on the victim. *Id.* ¶ 26, 455 P.3d at 687. The trial court rejected each instruction and did not provide any instruction on how the jury could consider the cunnilingus evidence. *Id.* We held that because "[t]he jury in the first trial necessarily decided that Mr. Cercy did not commit cunnilingus," cunnilingus could not satisfy the "sexual contact" element of the third-degree sexual assault charge. *Id.* ¶ 43, 455 P.3d at 693. Concluding the instructions failed to inform the jury it could not consider cunnilingus and, as a result, left doubt about the circumstances under which the jury could convict Mr. Cercy of third-degree sexual assault, we reversed.

[¶19]   While our opinion in *Cercy* held that the jury had to be instructed that cunnilingus could not be considered as a basis to find Mr. Cercy guilty of third-degree sexual assault, we did not hold that the instructions had to specify the acts the jury could consider. *Cercy*, ¶ 43, 455 P.3d at 693.

[¶20]   Mr. Townsend also cites *Esquibel v. State*, 399 P.2d 395, 396 (Wyo. 1965). There, the information charged the defendant with one count of carnal knowledge of a minor, in violation of the statute in effect at that time. The information stated that the act occurred on February 15, 1963. At trial, the victim testified she was not with the defendant on February 15. She attested the act occurred on February 14 and that she also had intercourse with the defendant on February 17. The defendant provided an alibi for February 14. We ruled the trial court erred when it instructed the jury that it could convict the defendant for an act committed "on or about" February 15. We explained, "Without an instruction . . . definitely fixing the time, the jury was permitted to believe that even though it determined the issue [of the defendant's alibi in his favor,] it could nevertheless find the defendant guilty on the basis of" the victim's testimony that she had intercourse with the defendant at other times. *Esquibel*, 399 P.2d at 399. We concluded, "[w]e have no way of knowing . . . which offense the jury agreed upon for its verdict." *Id.* *Esquibel* is distinguishable from Mr. Townsend's case. There, the date of the act of sexual intercourse became material because of the defense's alibi. Here, the specific date of the offense was not in question. Mr. Townsend had notice of the date of the alleged crimes and provided no alibi.

[¶21]   More recently, in *Walker*, Mr. Walker was charged with five counts of third-degree sexual abuse of a minor (Counts I through V), and one count of attempted second-degree sexual abuse of a minor (Count VI). *Walker*, ¶ 1, 521 P.3d at 969. The jury received identical instructions on the elements the State needed to prove to find Mr. Walker guilty of Counts I through V, except for the count number. *Id.* ¶ 14, 521 P.3d at 975. The jury found Mr. Walker guilty of three of those counts and not guilty of two. *Id.* ¶ 40, 521 P.3d at 980. Mr. Walker appealed, arguing the trial court plainly erred when it instructed the jury because it was impossible to determine which conduct formed the basis for his convictions. *Id.* ¶ 16, 521 P.3d at 975. We reversed, in part, holding that the lack of distinguishing language in the jury instructions, combined with "facts supporting [two of three identical counts] and the closing argument [which did] nothing to clarify these counts for the jury" created "a reasonable probability that the jury did not reach unanimity" on those counts. *Id.* ¶¶ 54, 67, 521 P.3d at 985, 987.

[¶22]   The *Walker* decision is not applicable to Mr. Townsend's issue. Mr. Townsend was charged with a single count of third-degree sexual abuse of a minor. Our precedent does not support the conclusion that a trial court is required to include identifying evidentiary detail in instructions in which a defendant is charged with a single count of an offense. *See Jordin v. State*, 2018 WY 64, ¶ 13, 419 P.3d 527, 531 (Wyo. 2018) (State can present "multiple theories or facts that could satisfy an element of a crime"); *Worley v. State*, 2017

8

WY 3, ¶ 19, 386 P.3d 765, 771 (Wyo. 2017) ("Where, for example, an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he use[d] a gun. But that disagreement—a disagreement about means—would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force." (quoting *Richardson v. United States*, 526 U.S. 813, 817, 119 S.Ct. 1707, 1710, 143 L.Ed.2d 985 (1999))).

[¶23] Here, the State presented significant evidence of indecent liberties, separate from the alleged intrusion, that would support a conviction for third-degree sexual abuse of a minor. VL testified that Mr. Townsend placed his hand on her thigh, kissed her neck and lips, removed her clothes, removed his clothes, and masturbated on her chest. *Supra* ¶ 4. Any one, or all, of these acts support a conviction for immodest, immoral, or indecent liberties.

[¶24] The jury was instructed that "[e]ach count, and the evidence pertaining to it, should be considered separately . . . ." The court instructed the jury to find Mr. Townsend guilty of Count I, it had to find Mr. Townsend "[i]nflicted sexual intrusion; to wit, vaginal intrusion," and to find Mr. Townsend guilty of Count II, it had to find Mr. Townsend "[i]nflicted sexual intrusion; to wit, anal intrusion . . . ." To find Mr. Townsend guilty of Count III, it had to find Mr. Townsend "took immodest, immoral, or indecent liberties with V.L." The jury found Mr. Townsend not guilty of Counts I and II but guilty of Count III. The jury had to differentiate between the charges and the evidence to arrive at its verdicts.

[¶25] Under these circumstances, we do not find that the district court violated an unequivocal rule of law when it did not instruct the jury on a specific factual basis for Count III (third-degree sexual abuse of a minor). Mr. Townsend has not established plain error.

*CONCLUSION*

[¶26] Mr. Townsend waived the argument that the district court plainly erred when it did not instruct the jury that third-degree sexual abuse of a minor excludes conduct that would constitute second-degree sexual abuse of a minor. The district court did not plainly err when it failed to specify conduct alleged to constitute third-degree sexual abuse of a minor in the jury instructions. We affirm.